# Commonwealth ex rel. *v.* Best.

*Criminal law—Sentence—Imprisonment—Supersedeas.*

Where a prisoner is convicted of a misdemeanor, is sentenced to fine and imprisonment, and immediately enters a bond for his appearance without surrendering himself, and thereafter takes an appeal without securing an order of supersedeas, he cannot, after his appeal has been non-prossed, object to an order of the quarter sessions directing that the sentence be carried into effect, either on the ground that the appeal had not been made a supersedeas, or on the ground that the order was made after the end of the term in which the sentence was imposed.

Argued May 6; 1907.    Petition for writ of habeas corpus. Miscellaneous Docket, Superior Court, April T., 1907, No. 14.

*G. F. Whitmer* and *Don C. Corbett*, with them *G. G. Sloan* and *H. E. Rugh*, for relator.—The power to imprison does not exist after the term has passed: Com. v. Mayloy, 57 Pa. 291; Beale v. Com. 25 Pa. 11; Com. v. Keeper of Workhouse, 6 Pa. Superior Ct. 420.

*Wm. J. Geary*, district attorney, with him *W. A. Hindman* and *A. A. Geary*, for the commonwealth.—No harm was done the relator by treating the entry of the recognizance as a supersedeas and no additional advantage would have accrued to him had the following been added to the recognizance: " This to be a supersedeas."    The commonwealth is not complaining and the relator has no just cause for complaint: Schwamble v. Sheriff, 22 Pa. 18; Com. v. Heiffer, 2 Woodward, 311; Haggerty v. The People, 53 N. Y. 476; Com. v. Hill, 185 Pa. 385.

At common law when a prisoner, after conviction and sentence, escapes, and it is merely a question of reimprisonment, no new award of judgment is necessary; but he may at any time be retaken and confined under the original sentence.

OPINION BY HENDERSON, J., October 7, 1907:

The relator was convicted of wantonly pointing a gun, and on September 29, 1906, was sentenced to pay a fine of $100 to the commonwealth, the costs of prosecution and to undergo

imprisonment in the county jail for a period of thirty days and to stand committed until the sentence be fully complied with. Afterwards, on the same day, he entered into his recognizance with surety in the sum of $500 conditioned that he be and appear in his proper person at the further order of the court of quarter sessions of Clarion county, there to answer such matters and things as shall be objected to him on behalf of the commonwealth. On October 15, 1906, a certiorari from the Superior Court was filed in the court of quarter sessions at the instance of the relator. The appeal was not prosecuted, however, and on March 14, 1907, a judgment of non pros was entered in the Superior Court. The defendant was not committed to jail pending the appeal, but on April 2, 1907, on motion of the district attorney, the court issued an order directing that the sentence theretofore made in the case be fully carried into effect and that the defendant appear forthwith and undergo the full term of imprisonment and that a commitment be issued to the sheriff. The fine and costs were paid by the defendant, but it is not alleged that he served any part of the imprisonment. The relator now contends that he is not subject to imprisonment under the sentence of September 29, 1906, for the reason that his appeal was not made a supersedeas; that the order of the court of quarter sesssions of April 2, 1907, imposed a new sentence or a modification of the previous sentence; that it was made after the end of the Term in which the sentence was imposed; that it is, therefore, void and that the relator is unlawfully restrained of his liberty. There can be no doubt that the recognizance of September 29, 1906, was entered with a view to securing a supersedeas. The sentence was in strict conformity to the requirements of the law and when it was pronounced the duty of the court was discharged. The defendant was then constructively in the custody of the sheriff. The recognizance subsequently entered did not modify, nor was it a part of, the sentence. The sheriff might have imprisoned the defendant at once. He was permitted to be at large, however, presumably because of the belief of that officer that the entry of the recognizance was a supersedeas. That it accomplished the purpose of securing the liberty of the relator until his appeal was finally disposed of in the Superior Court, is apparent. This situation was brought

about by the relator's own act.   He did not surrender himself·
to the sheriff when the sentence was imposed but immediately
gave bail in anticipation, as we may assume, of the appeal which
he afterward took.   The appeal, as taken, did not stay the exe-
cution of the sentence, but the relator did stay it by his own
conduct.   If the execution of the sentence was not suspended
because of the appeal the defendant should have been in jail
during the term imposed and was liable to be apprehended at
any time by the sheriff, without process, and committed:
Schwamble v. Sheriff, 22 Pa. 18.   In any view of the case the
relator has not served his term of imprisonment, nor has he
been legally relieved from so doing.   The order of the court
of quarter sessions of April 2, 1907, was not a new sentence nor
an amendment of the sentence imposed.   It was not necessary
and did the defendant no harm.   It merely directed the sheriff
to do that which he was at liberty to do without other author-
ity than that created by the original sentence.   We are of the
opinion that the relator was in the lawful custody of the sher-
iff and he must, therefore, be remanded, to the end that the
sentence of imprisonment imposed by the court of quarter ses-
sions of Clarion county be carried into full effect for such time
as the relator has not been in prison thereunder.