THE STATE OF MISSOURI ex rel. NOVA CONAWAY, Appellant, v. LINCOLN BINNEY et al., Respondents.

Kansas City Court of Appeals, January 6, 1908.

ATTACHMENT: Liability on Bond: Attorney's Fee. A writ of attachment was issued by a justice of the peace against the relator's property but none was seized and the garnishee summonsed had no property of the relator, and the attachment was dismissed before the issues were made. *Held*, the plaintiff in the attachment suit was not liable on his bond for the attorney's fee of the defendant therein.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

AFFIRMED.

*H. A. Kerr* for appellant.

(1) The service of a notice of garnishment is a levy of the attachment writ, though no actual seizure of property is made. (2) When sued in attachment, defendant has a right to file plea in abatement, but it is not essential prerequisite to suit on bond, especially when defendant has been prevented from doing so by the action of the attachment creditor by dismissing his action before the return day. (3) The good faith of a sale and transfer of property can be gone into in an attachment suit and defendant has a right to defend a sale of his property as bona fide. If the attachment is dissolved in anyway it gives defendant a right of action on the bond. (4) If defendant's property has been interfered with he has a right to prepare for trial. 85 Mo. App. 68. (5) Defendant's outlay for attorney's fees and expenses are damages recoverable in a suit on attachment bond. 67 Mo. App. 199; 59 Mo. 178.

*J. C. Wilson* for respondents.

(1) By the attempted garnishment proceedings against Warren Conaway, the plaintiff in the attachment suit, created no lien or cause of action against the garnishee. McGarry v. Lewis Coal Co., 93 Mo. 237; Bank v. Smith, 122 Mo. App. 61; State ex rel. v. Lumber Co., 70 Mo. App. 667. (2) The defendant in an action upon attachment bond was only liable for the natural and proximate damage resulting from the suing out of the attachment, and the seizing of the defendant's property under the writ. They are not liable for the alleged injury to plaintiff's credit and his good name. And that allegation in plaintiff's petition states no cause of action. Remote or speculative damages

they are not liable for, and the same cannot be recovered on the bond. State v. Thomas, 19 Mo. 613; Fry v. Estes, 52 Mo. App. 8; State to use v. McKeon, 25 Mo. App. 674. (3) Our courts hold that the defendant in an attachment suit can only recover attorney's fees in defending the attachment or the plea in abatement, and that they cannot recover for services of an attorney rendered on the merits of the case after the dissolution of the attachment: State ex rel. v. Parsons, 109 Mo. App. 441; State to use v. Fargo, 151 Mo. 280.

ELLISON, J.—This is an action on an attachment bond. The defendant demurred to plaintiff's petition on the ground that it did not state a cause of action. The demurrer was sustained and plaintiff appealed.

It appears from the petition that defendant brought suit against the plaintiff before a justice of the peace with an attachment in aid. An attachment writ was issued, but no property levied upon. A notice of garnishment was served, but the party garnished had no property or effects of this plaintiff, the defendant in that cause. This defendant, as plaintiff in that case, dismissed the case before either an answer, or plea in abatement, or interrogatories were filed. The petition alleged that plaintiff was damaged by employing an attorney to defend the attachment to whom he is obligated for a fee, and that he "lost time and expended money by reason of said attachment."

The statute (section 3880, Revised Statutes 1899) provides for issues to be made before a justice "in all cases where property or effects shall be attached." The attachment was dismissed before any issues were made, for the reason that no property was seized. The statute (sections 3461-3463) provides for issues before the justice on garnishment. But no interrogatories were filed, as the party garnished had nothing of plaintiff's and it is not alleged that he had, and, as just stated, the attachment was dismissed.

In our opinion no damages accrued to plaintiff. Nothing occurred to put him on his defense. His property was not disturbed, by either attachment or garnishment. If he employed an attorney it was premature, in so far as his right to an action on the bond is concerned. He is in no better position to maintain such action than if this defendant had said and he had heard that an attachment writ was to be sued out and had thereupon employed an attorney. The fact that the writ of attachment was issued is of no consequence, if it was not executed. The employment of an attorney made in the principal case on the merits would of course give no right of action on the attachment bond. The serving of the writ as to the garnishment was an empty proceeding as no property was in the hands of the party garnished and the attachment was dismissed before any issue was made; and if there had been it would have been the garnishees privilege to have employed an attorney upon the one side and the plaintiff in the attachment upon the other. If something out of the usual course made it necessary for this plaintiff, as defendant in that case, to have employed counsel in the matter of the garnishment or the writ of attachment it is not alleged. The judgment should be affirmed. All concur.