# Commonwealth, to use, *v.* Lenhart et al., Appellants.

*Bond—Bail bond — Appeal — Supersedeas—Condition—"Prosecute with effect"—Breach of condition.*

1. A stipulation in a bail bond to prosecute an appeal with effect means to prosecute with success, and when the bond stipulates distinct and independent conditions, the breach of any one condition works a forfeiture.

2. In an action against the sureties upon a bail bond filed under the direction of the appellate court for the purpose of making an appeal a supersedeas, and "conditioned that he will prosecute his appeal with effect and will abide by and comply with all orders and the judgment of the Superior Court in the cause" it appeared that the judgment of sentence from which the appeal was taken required the defendant "to pay the costs of prosecution, a fine of five hundred dollars to the Commonwealth and undergo imprisonment in the Western Penitentiary for a period of two years;" that on appeal this judgment was affirmed and it was ordered "that the defendant appear in the court below, there to be committed to serve that part of his sentence which had not been undergone at the time the appeal was made a supersedeas;" and that the defendant was accordingly committed to the penitentiary, but that he failed to pay either the fine imposed or the costs of prosecution. *Held,* that the condition of the bond included the payment of the fine and costs.

3. The appellate court has the power to impose such conditions as the foregoing, inasmuch as the making of an appeal a supersedeas is a

matter of grace and not of right, and there is no statutory limitation on the conditions that may be imposed in such a bond.

MR. CHIEF JUSTICE FELL and MR. JUSTICE BROWN dissent.

Argued Oct. 12, 1911. Appeal, No. 18, Oct. T., 1911, by defendants, from judgment of C. P. Washington Co., Nov. T., 1910, No. 65, on demurrer in case of Commonwealth of Pennsylvania, to use of Washington County, v. W. L. Lenhart, George W. Lenhart and William McKennan Smith. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a bail bond. Before TAYLOR, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for the plaintiff on demurrer.

*R. W. Irwin*, with him *Jas. A. Wiley*, for appellant.— The appeal was prosecuted with effect, although not successfully: Com. v. Wistar, 142 Pa. 373; Hobart v. Hilliard, 28 Mass. 143; Johnson v. Hessel, 134 Pa. 315.

The sureties on the bond on appeal cannot be held liable to pay or satisfy the judgment unless that is made a condition in the bond: Mason v. Smith, 79 Tenn. 67; Banks v. Brown, 12 Tenn. 198; Jones v. Parsons, 10 Tenn. 320; Bank of Metropolis v. Swann, 4 Cranch, C. C. 139.

*T. H. W. Fergus*, with him *C. L. V. Acheson* for appellee.—The appeal must be prosecuted with success: Karthaus v. Owings, 6 Harris & Johnson (Md.), 134; Gibbs v. Bartlett, 2 W. & S. 29; Balsley v. Hoffman, 13 Pa. 603; Pittsburg Nat. Bank of Commerce v. Hall, 107 Pa. 583; Watterson v. Fuellhart, 169 Pa. 612.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

Lenhart, the principal in the surety bond, was convicted and sentenced on the charge of having entered into a criminal conspiracy to defraud a state bank and its depositors. He took an appeal to the Superior Court and

desired the same to be made a supersedeas. The learned president judge of the Superior Court upon consideration ordered that the appeal should operate as a supersedeas upon the defendant giving bail with one or more sufficient sureties, to be approved by the court below in which the case was tried, "conditioned that he will prosecute his appeal with effect and will abide by and comply with all orders and the judgment of the Superior Court in the cause." The bond was executed and approved as directed. The appeal thus became a supersedeas and was prosecuted to judgment in the Superior Court with the result that the judgment of the court below was affirmed. In affirming the judgment the Superior Court made the following order: "The judgment is affirmed and it is ordered that the defendant appear in the court below, there to be committed to serve that part of his sentence which had not been undergone at the time this appeal was made a supersedeas." It thus clearly appears that Lenhart did not prosecute his appeal with effect in the sense at least of having prosecuted it with success. The condition of the bond was that Lenhart "will prosecute his appeal with effect and will abide by and comply with all orders and the judgment of the Superior Court in the cause." The condition of the bond was in the exact language of the order of the Superior Court making the appeal a supersedeas. The sentence originally imposed after the jury had returned a verdict of guilty required the defendant "to pay the costs of prosecution, a fine of five hundred ($500.00) dollars to the Commonwealth, and undergo imprisonment in the Western Penitentiary for a period of two years." When the record was remitted the defendant was committed to the custody of the sheriff for the purpose of having the sentence executed. He was committed to the Western Penitentiary to serve his term of imprisonment and in this respect only has he complied with the sentence imposed upon him. He has failed to pay either the fine imposed or the costs of prosecution. The question raised by this appeal is whether the sureties in the bond

are liable to pay the fine and costs under the facts herein-before stated.   The appellants contend that when Lenhart, the defendant convicted on the charge of conspiracy, surrendered himself into the custody of the sheriff to be committed for the purpose of serving his sentence in obedience to the order of the Superior Court, the condition of the bond was complied with and the sureties were relieved from liability thereunder.   It is contended that the condition of the bond upon which this suit was brought created an alternate obligation, or condition, that is to say, that the appeal will be prosecuted with effect, and failing to do so, Lenhart will abide by and comply with the order and judgment of the Superior Court in the cause. This view has been presented with great force by the learned counsel for appellants who rely upon Johnson v. Hessel, 134 Pa. 315, and Com. v. Wistar, 142 Pa. 373, to sustain their position.   On the other hand, the appellee contends that the language used in expressing the conditions of the bond creates a twofold obligation, that is to say the sureties contracted for their principal that he would do two things and not one of two.   It is urged that the principal undertook, first, to prosecute his appeal with effect, that is, with success; and, second, that he would abide by and comply with the order and judgment of the Superior Court, and that failure to perform either of the conditions worked a forfeiture of the bond.   In support of their respective contentions the learned counsel representing both sides of the controversy have presented able arguments sustained in part at least by the citation of numerous cases.   As to the interpretation of the language used to express the condition in the bond we are of opinion that the great weight of authority supports the contention of appellee and that this is no longer an open question in Pennsylvania.   As we said in Balsley v. Hoffman, 13 Pa. 603, by Mr. Justice Bell in delivering the opinion of this court: "It may then be taken as conclusively settled, that the obligors in a replevin bond, whether they be called principals or sureties, are bound to make

good each of its several conditions, among which stands prominently the stipulation to prosecute the replevin with success." It has been held over and over again in our state that the stipulation to prosecute with effect means to prosecute with success: Gibbs v. Bartlett, 2 W. & S. 29; Pittsburg National Bank of Commerce v. Hall, 107 Pa. 583; Watterson v. Fuellhart, 169 Pa. 612. In the last case cited, Mr. Justice DEAN, speaking for this court, said: "The several undertakings stipulated by a replevin bond constitute distinct and independent conditions, and a breach of any will constitute a forfeiture." In support of this conclusion the cases above cited were relied on. We think it may therefore be accepted as settled law in our state that a stipulation in a bail bond to prosecute with effect means to prosecute with success; and that when the bond stipulates distinct and independent conditions, the breach of any one condition works a forfeiture. This rule has been adopted and followed in many other jurisdictions: Karthaus v. Owings, 6 Harris & J. (Md.) 134; Trent v. Rhomberg, 66 Texas, 249; Blair v. Sanborn, 82 Texas, 686.

This brings us to a consideration of the undertakings of the principal and sureties in the bond upon which suit was brought in the present case. The appeal was not prosecuted with success by reason of which failure there was a breach of one condition and consequently a forfeiture of the bond under the rule above stated. What liability attached to the sureties when the condition of the bond was broken? This depends upon the extent of their undertakings. Was their obligation simply that the principal should prosecute his appeal with effect, and failing to do so, that he would surrender himself into the custody of the proper officers for the purpose of serving his term of imprisonment under the sentence? We do not so read or understand the conditions of the bond, which were that: "Lenhart will prosecute his appeal with effect and will abide by and comply with all orders and the judgment of the Superior Court in the cause."

His sureties contracted that he would do all of these things and not some of them, that is, he would prosecute his appeal with effect; would comply with all orders of the Superior Court; and would abide by its judgment. The Superior Court affirmed the judgment of the court below, and the judgment of the court below included the payment of a fine and costs of prosecution as well as a term of imprisonment. We do not see any escape from the conclusion that when the Superior Court affirmed the judgment of the court below, it did so as a whole, and included every part and condition of the sentence in its affirmance. This necessarily included the payment of the fine and costs as well as the term of imprisonment. It is true that in addition to the affirmance of the judgment, the Superior Court ordered the defendant to appear in the court below, there to be committed to serve that part of his sentence which had not been undergone when the appeal was made a supersedeas, but certainly it cannot be successfully contended that the order to commit for the purpose of serving the sentence relieved the defendant from the payment of the fine and costs. The principal was obligated to pay the fine and costs because it was the judgment of the court that he should do so, and the sureties contracted for their principal that he would comply with the orders and abide by the judgment of the Superior Court. When the Superior Court affirmed the judgment of the court below, the judgment of the lower court was made part of the judgment of the appellate court for every purpose of the case. In this connection it is important to bear in mind that the bond obligated the principal not only to comply with the orders of the Superior Court, but to abide by its judgment, and that a judgment was entered and a certain order made, both of which were clearly contemplated by the conditions of the bond. Counsel for appellants rely upon Com. v. Wistar, 142 Pa. 373, above cited, to support their contention. We cannot agree that the rule laid down in that case is controlling in, or necessarily

applicable to, the case at bar. It must be conceded that the learned justice who wrote the opinion in that case made some statements which give support to the contentions pressed by the appellants here. What was there said must be understood as relating to the facts of the case then under consideration. The question in that case turned upon the effect to be given a recognizance taken under the Act of March 29, 1832, P. L. 190. This act provides that the condition of the recognizance shall be "to prosecute such appeal with effect, and to pay all costs that may be adjudged against him." The recognizance was more comprehensive in terms than the act required and this court held that inasmuch as the act limited the condition of the bond to the payment of costs, nothing more could be added as a condition of the appeal. The attempt was there made to recover by way of damages interest on the fund for distribution during the time the appeal was pending. It was held that the payment of interest was no part of the costs to be paid, the security of which was provided for by a recognizance taken under the act of 1832. It was also held in that case that the sureties had only contracted to pay costs and that their liability did not cover the payment of interest. No such question arises in the present case. There is no statutory limitation on the conditions that may be imposed in a bond such as was required when the appeal was made a supersedeas at the time the bond was executed. The obligors had the right to enter into a contractual obligation such as they undertook when they signed the bond in question. The making of the appeal a supersedeas was a matter of grace, and not of right, and it was clearly within the power of the Superior Court to impose the conditions named in the bond. We think these conditions include the payment of the fine and costs.

Assignments of error overruled and judgment affirmed.

MR. CHIEF JUSTICE FELL and MR. JUSTICE BROWN dissent.