THE STATE OF MISSOURI, at the Relation and to the Use of W. A. LEACH, Doing Business Under the Firm Name and Style of LEACH LUMBER AND TIE COMPANY, Respondent, v. AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellant.

St. Louis Court of Appeals.   Opinion Filed June 6, 1922.

1. **ATTACHMENTS:- Action on Bond: Sureties: Railroad Adminis-tration Withholding Funds: Damages: Proximate Cause: Liability on Bond.** In an action founded upon a statutory attachment bond, where upon the filing of the attachment suit against plaintiff, a writ of garnishment was issued against a railroad company, and it did not owe plaintiff any money and did not withhold any funds from plaintiff on account of the said writ, the act of the United States Railroad Administration in withholding money which was due plaintiff did not give plaintiff a right of action for damages against a surety on the attachment bond, as under section 1731, Revised Statutes 1919, the bond covered such damages only as are occasioned or proximately caused by the orders, judgments, processes and proceedings in the attachment.

2. **RAILROADS: Railroad Administration: Properties in Hands of Government: Railroads Not Responsible for Acts During Federal Control.** The law creating the Railroad Administration, and which placed the properties of the railroads in the hands of the Government, rendered the governmental agency in control of the roads a distinct entity from the corporations which owned the roads, and the said railroads are in no wise responsible for the acts of the Railroad Administration while the roads were under federal control.

3. **GARNISHMENTS: Railroad Administration: Not Subject to Garnishment.** The United States Railroad Administration, being a part of the sovereign power, was not subject to garnishment.

4. **ATTACHMENTS: No Service or Appearance: Attachment Dismissed: Liability on Bond: Attorneys' Fees.** In an attachment suit in which the defendant was not served and did not appear therein and no steps were taken in court in his behalf, the employ-

ment of counsel for the purpose of dissolving the attachment was premature, and where it appeared from the evidence that plaintiff did employ attorneys, but their efforts were directed toward inducing the Railroad Administration to release plaintiff's funds, such attorneys' fees were not an element of damages in a suit by defendant against a surety on an attachment bond.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Karl Kimmel*, Judge.

REVERSED.

*Bryan, Williams & Cave* for appellant.

(1)   The attachment bond sued on is a bond of indemnity given to the State of Missouri to secure to the persons described in the bond the payment of such actual and legal damages, if any, as shall have been directly or proximately caused them by any process in the attachment proceedings. R. S. of Mo. 1919, sec. 1735; Shinn on Attachments, sec. 184; State ex rel. v. Binney, 127 Mo. App. 710; State ex rel. v. Hill, 60 Mo. App. 130; State to use of v. Thomas, 19 Mo. 613; Winsor v. Orcutt, 11 Paige (N. Y.) 578; Britson v. Tjernagel, 90 Iowa 356; State ex rel. v. Tittman, 134 Mo. 162. (2)   Relator was not entitled to recover in this case unless he had proven that he had suffered actual and legal damages as a direct and proximate result of the attachment proceedings. Authorities cited under point 1, supra. (3)   The relator suffered no damage as a direct or proximate result of the attachment suit referred to in this case. (a)   It is conceded by relator that no property of relator was attached. (b)   It is conceded by relator that the Missouri Pacific Railroad Company, against whom the only writ of garnishment was issued, was not indebted to relator for any money or property. (c)   The action of the United States Railroad Administration in withholding money owed by it to relator was not a proximate result of the attachment suit because: (1)   No writ of garnishment was ever issued against the United States Railroad Adminis-

tration.   It was different entity from the Missouri
Pacific Railroad Company.   Northern Pacific Railroad
Co. v. North Dakota, 250 U. S. 135; Mardis v. Hines, 267
Fed. 171; Erie Railroad Co. v. Caldwell, 264 Fed. 947;
Kersten v. Hines, 223 S. W. 586; Globe Ins. Co. v. Hines,
273 Fed. 774.   (2)   Even if a writ of garnishment had
been issued against the United States Railroad Adminis-
tration, it would have been absolutely without any ef-
fect—it would not have bound the United States Railroad
Administration, as the United States Railroad Adminis-
tration was the agent and instrumentality of the United
States Government and was not subject to garnishment.
Act of Congress, March 21, 1918, 40 U. S. Stat. at Large,
451, sec. 10; Presidential Proclamation of March 29, 1918,
2 Watkins, Shippers & Carriers (3 ed.), p. 1351; U. S.
Railroad Administration General Order No. 43, Roberts,
Fed. Liab. of Carriers, p. 1783; Northern Pacific Rail-
road Co. v. North Dakota, 250 U. S. 135; Dooley v. Rail-
way, 250 Fed. 142.   (d)   Lawyer's fees which relator
claims to have paid were not for services in procuring
the dissolution of the attachment, as it is conceded that
no lawyer ever appeared for relator in the attachment
suit.   The fees, if any, paid by relator for services out-
side of the attachment suit are not an element of damages
in a suit on the attachment bond.   State to use of v.
Fargo, 151 Mo. 280; State to use of v. McHale, 16 Mo.
App. 478; State to use of v. Larabie, 25 Mo. App. 208;
State to use of v. Heckart, 62 Mo. App. 427.   (4)   Even
if relator had been entitled to recover at all in this case,
still the verdict was excessive.   The amount was even
greater than that authorized under the instruction given
by the court at the instance of relator.   State to use of
v. McHale, 16 Mo. App. 478; State to use of v. Belds-
meier, 56 Mo. 226; State ex rel. v. Seavey et al., 137 Mo.
App. 1, 8.   (5)   The jury found that relator was not
entitled to more than two-fifths of the amount he used
for and the action of the defendant in refusing to pay the
amount sued for by relator was justified by the jury.
It was not vexatious and the verdict of the jury in assess-

ing a penalty and also attorneys' fees is contrary to the law and the evidence. La Font v. Insurance Co., 193 Mo. App. 543; Weston v. Insurance Co., 191 Mo. App. 282; Kahn v. Assurance Corporation, 187 Mo. App. 216; Rogers v. Insurance Co., 157 Mo. App. 671; Blackwell v. Insurance Co., 80 Mo. App. 75; Fager v. Assurance Co., 189 Mo. App. 464.

*Nortoni, Moore, Breaker & Green,* and *Henson & Woody* for respondent.

(1) Defendant is estopped to say that plaintiff was not damaged because the Railroad Administration had no legal right to refuse to pay him his money after the writ of garnishment had been served on the Missouri Pacific Railroad Company. State v. Stipp, 179 S. W. 723; State v. Walker, 85 Mo. App. 68; 12 R. C. L. 861; State v. Fargo, 151 Mo. 280; State v. Goodhue, 74 Mo. App. 163; State v. Stark, 75 Mo. 566; State v. Cowell, 125 Mo. App. 348; State v. Hesselmeyer, 34 Mo. 76. (2) Plaintiff is entitled to recover for any damages directly occasioned by the attachment suit, or by any process or proceedings in the suit. State v. Stark, 75 Mo. 566; State v. Shobe, 23 Mo. App. 474; State v. Beldsmeier, 56 Mo. 226; State v. Seavey & Flarsheim, 137 Mo. App. 1; State v. Goodhue, 74 Mo. App. 162. (3) The question of vexatious delay or refusal to pay is a matter to be determined by the jury, and formal affirmative proof thereof is not required. Brown v. Railroad, 45 Mo. 221, l. c. 227; Keller v. Insurance Co., 198 Mo. 440; Hicks v. Insurance Co., 196 Mo. App. 162; Barber v. Insurance Co., 269 Mo. 1; Jaggi v. Insurance Co., 191 Mo. App. 384.

BIGGS, C.—This action is founded upon a statutory attachment bond, executed by defendant (appellant) as surety is an attachment suit against plaintiff by one Charles C. Curry.

On November 16, 1918, the date of the filing of the Curry suit, an affidavit for an attachment was filed in

aid thereof accompanied by the bond in suit. The bond is in the form prescribed by section 1731, Revised Statutes 1919, is penal in character, and is given for the purpose of indemnifying those persons mentioned therein against any loss or damage occasioned or proximately caused by the attachment proceedings. The bond is payable to the State of Missouri, and is conditioned as follows:

"Now, if said plaintiff shall prosecute his action without delay and with effect, refund all sums of money that may be adjudged to be refunded to the defendant W. A. Leach or found to have been received by plaintiff and not justly due him, and pay all damages and costs that may accrue to any defendant, garnishee or interpleader by reason of the attachment or any process or proceeding in the suit, or by reason of any judgment or process therein, and pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the plaintiff, then this obligation to be void, otherwise to remain in full force."

In the attachment suit of Curry against the relator herein Leach, no service of process was had or attempted upon the defendant, and he at no time appeared in that suit, nor was any property of the defendant levied upon by the sheriff. On the day that the suit was filed a writ of garnishment was issued at the direction of the plaintiff Curry and served upon the Missouri Pacific Railroad Company. Nothing further was done in the attachment suit, and the same was dismissed on November 7, 1919. In the garnishment case the usual interrogatories were filed, and the Missouri Pacific Railroad Company answered, denying that it was indebted to the defendant Leach in any sum. Afterwards the garnishee's answer was denied by the plaintiff, but nothing further was done in that case, and it was likewise dismissed on November 7, 1919.

On November 14, 1919, plaintiff herein, who was defendant in the attachment suit, filed the present action upon the said attachment bond. The petition, after al-

leging the filing of the attachment suit of Curry against Leach and the giving of the bond by the plaintiff in that proceeding and the issuance of the attachment against the defendant, alleged that the plaintiff herein had sold to the United States Railroad Administration in charge of the Missouri Pacific Railroad ties and other timber to the amount and value of $20,000; that the sheriff acting under the writ of attachment and under the direction of the plaintiff Curry attached the said sum of $20,000 due plaintiff from the said United States Railroad Administration in the hands of the agents, servants and employees of said United States Railroad Administration in charge of the Missouri Pacific Railroad, and summoned the Missouri Pacific Railroad Company as garnishee; that pursuant to said attachment and garnishment, the said United States Railroad Administration in charge of said Missouri Pacific Railroad, and the Missouri Pacific Railroad Company, withheld from relator the sum of $20,000 so due and owing him as aforesaid and deprived him of the use thereof, to his injury and damage; that by reason of said attachment proceedings plaintiff herein was deprived of the use and enjoyment of said $20,000 during the pendency of said suit, to his damage in the sum of $1,000, and that he was further damaged in the additional sum of $1,000 for attorney's fees and other necessary expenses in defending said attachment suit. The petition also asked for damages and attorney's fees for vexatious refusal to pay plaintiff's claim. The petition contained other allegations of damage in reference to plaintiff's credit and reputation, but these were abandoned at the trial and need not be referred to here.

Issue was joined upon the filing of a general denial by the defendant and after a trial by a jury, there was a verdict and judgment for plaintiff in the sum of $1456.53 actual damages, together with the sum of $145.65 assessed by the jury as a penalty for vexatious refusal to pay, and also an attorney's fee of $400, making a total judgment of $2,002.18. Following the usual prelimi-

maries, the defendant has perfected an appeal from a judgment based upon the verdict of the jury.

It is urged by defendant that the evidence failed to disclose that the plaintiff suffered any actual or legal damages which were directly and proximately caused by the issuance of any process in the attachment suit, and therefore its demurrer to the evidence should have been sustained, inasmuch as the bond under the statute is given to the State of Missouri and can only be sued upon by persons named therein who have suffered damage by reason of the attachment proceedings.

The evidence disclosed, and it was in fact conceded, that the writ of garnishment was served upon the Missouri Pacific Railroad Company, and that said company did not then have in its hands any money belonging to the plaintiff, either at the time the writ was served or thereafter, and that no writ of garnishment was attempted to be served in any way upon the United States Railroad Administration as such, nor was any attempt made to attach any property of relator in the hands of the United States Railroad Administration. It appeared, however, from the evidence that by reason of the writ of garnishment being served upon the Missouri Pacific Railroad Company the United States Railroad Administration, through its agents in charge of and operating the railroad, withheld from payment some $10,000 owing to the plaintiff by reason of sales of ties and other lumber under contract with United States Railroad Administration.

Plaintiff's theory of the right of recovery is based upon the fact that the United States Railroad Administration was indebted to him, and that it refused to pay by reason of the issuance of the writ of attachment against the Missouri Pacific Railroad Company, and that such was the proximate cause of his damage. On the other hand, defendant submits that inasmuch as it was conceded that the writ of garnishment was issued against the Missouri Pacific Railroad Company, and that such company did not owe the plaintiff any money,

210 M. A.—14

and did not withhold any funds from the plaintiff on account of said writ, such act could not be held to be the proximate cause of the act of the United States Railroad Administration in withholding plaintiff's money.

It is now well settled under the decisions of the federal courts that the law creating the Railroad Administration and which placed the properties of the railroads in the hands of the government, rendered the governmental agency in control of the roads a distinct entity from the corporations which owned the roads, and that the said railroads are in nowise responsible for the acts of the Railroad Administration while the roads were under federal control. [Northern Pacific R. R. Co. v. North Dakota, 250 U. S. 135; Mardis v. Hines, Director, 267 Fed. 171; Kersten v. Hines, Director, (Mo.) 223 S. W. 586.]

And it is equally well settled that such governmental agency, being a part of the sovereign power, was not subject to garnishment if such had been attempted in the present case.

It seems plain that there was no justification in law for the act of the Railroad Administration in withholding plaintiff's money, and the damage to plaintiff resulting therefrom could not legally be occasioned or caused by the act of Curry in the attachment suit in causing the writ or garnishment to be served on the Missouri Pacific Railroad Company. No funds of plaintiff were legally tied up by virtue of that writ, and the defendant should not be held responsible for the unwarranted act of the Railroad Administration in withholding plaintiff's money, which was done without any legal justification or excuse. The Railroad Administration was not only not garnished, but was not in law subject to garnishment. The Missouri Pacific Railroad Company and the United States Railroad Administration were distinct entities, and it would be just as reasonable to say that if A sues B by attachment and levies on the property of C, that B could claim damages on the attachment bond by reason of being deprived of property that did not belong to him.

The statute prescribes the form of bond to be given in attachment suits, and it is settled law that the bond covers such damages only as are occasioned or proximately caused by the orders, judgments, processes and proceedings in the attachment suit, as distinguished from the suit on the merits. In the present case plaintiff's damage was not caused by any process or proceeding in the attachment suit, but by the act of the Railroad Administration in withholding his funds without any legal justification. [State to use of Roe v. Thomas, 19 Mo. 613; State ex rel. v. Hill, 60 Mo. App. 130; State ex rel. v. Binney, 127 Mo. App. 710, 106 S. W. 1114; State ex rel. v. Conran, (Mo.), 212 S. W. 869.]

Plaintiff's counsel argue that although the act of the Railroad Administration in refusing to release plaintiff's funds was without legal right, nevertheless the defendant should be held responsible on the bond, and is estopped to set up such defense in view of the fact that the Railroad Administration gave as an excuse for not releasing plaintiff's money the fact that the writ of garnishment had been served on the Missouri Pacific Railroad Company. In support of the argument we are referred to the cases of State ex rel. Cantwell v. Stark, 75 Mo. 566; State ex rel. Williams v. Stipp, (Mo.) 179 S. W. 723; State ex rel. v. Hesselmeyer, 34 Mo. 76; State ex rel. v. Cowell, 125 Mo. App. 348, 102 S. W. 573, and other Missouri cases. An examination of these authorities discloses that in each case the property of the defendant was actually seized under the attachment writ, or defendant's money tied up by virtue of the writ of garnishment. These cases merely rule that in a suit on an attachment bond defendant is not permitted to question the sufficiency of the sheriff's return or the legality of the attachment writ in a case where the writ has been actually levied and the property seized, for the party who caused the issuance of the writ should not be permitted to show that the process which he had caused to be sued out was not executed as required by law. In these cases, as stated, the property of the defendant in

the attachment suit was actually seized and he was deprived of the use thereof, and therefore the obligors when sued on the bond could not interpose the plea that the return of the sheriff was invalid or that there was some other defect in the writ or proceeding as a defense to the plaintiff's claim for damages.

As to the element of damages in the way of attorney's fees and other expenses, plaintiff under the law is entitled to recover such reasonable fees and expenses as were necessarily incurred in defending the attachment and procuring its dissolution. Plaintiff was never served in the attachment suit, and did not appear therein. No steps were taken in court in his behalf, and employment of counsel for the purpose of dissolving the attachment was premature on his part. [State ex rel. v. Binney, supra.] It appeared from the evidence that plaintiff employed attorneys, but their efforts were directed towards inducing the Railroad Administration to release plaintiff's funds.

In view of the conceded facts in the case, we rule that plaintiff failed to show that he suffered any damages which were directly and proximately caused by the attachment proceedings, and hence the court erred in failing to sustain defendant's demurrer to the evidence. The judgment should therefore be reversed.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.