## Winslow Township School District v. Hutchison et al.

*School law — School directors — Accounts — Appeals — Costs — Acts of May 18, 1911, sect. 2626, as amended by section 3 of the Act of May 21, 1913.*

1. Where school directors appeal from an auditor's report wherein they are surcharged with several items, and the school district successfully sustains two items of surcharge aggregating $51.36, to the elimination by the defendants of two other items amounting to $36 out of a total surcharge of $87.36, the directors, under the Act of May 18, 1911, § 2626, P. L. 309, as amended by section 3 of the Act of May 21, 1913, P. L. 288, must bear the costs.

2. In such case, as the appeal related to the charge of "any sum of money" in the singular and was not prosecuted with effect from the two items or sums of money charged in the report, the cost must, under the wording of the act, be paid by the directors.

Appeal by defendants from the auditors' report of 1922. Motion by defendants for judgment without costs. C. P. Jefferson Co., Aug. T., 1924, No. 305.

G. M. McDonald, for plaintiff; Raymond E. Brown, for defendants.

CORBET, P. J., Nov. 20, 1925.—The defendants, school directors of said school district, appealed from the auditors' report for 1922, wherein they were surcharged with

| | |
|---|---|
| Order No.   3, H. E. Cochran | $10.00 |
| Order No.  48, H. E. Cochran | 12.00 |
| Order No. 202, H. E. Cochran | 31.36 |
| Order No.   7, Auditors | 20.00 |
| Order No. 317, H. G. Wylam | 10.00 |
| Order No. 146, W. H. Cramer | 4.00 |
| | $87.36 |

The trial of the issues which were formed resulted in the jury, under the instructions of the court, finding for the defendants on items 1 and 2, and for the plaintiff on items 3 and 4; that is, for the plaintiff for a total of $51.36, a final decision more favorable to the appellants than the report appealed from as to the items found in their favor.

Thereupon defendants moved for the entry of a judgment against them in favor of the plaintiff for the sum of $51.36, without costs.

The motion is based on that portion of section 2626 of the Act of May 18, 1911, P. L. 309, as amended by section 3 of the Act of May 21, 1913, P. L. 288, reading as follows to wit: "When any person or persons charged with any sum of money in any such report of auditors shall appeal therefrom, such person or persons shall file in said court a bond, with one or more sufficient sureties, conditioned to prosecute the appeal with effect and to pay all costs

accruing thereupon if the final decision obtained shall not be more favorable to him than the report appealed from."

It is contended on behalf of defendants that, because they successfully resisted liability for some of the sums of money with which they were charged in the report, while from others of the sums so charged they did not prosecute their appeals with effect so as to obtain respecting them final decisions more favorable to them than the report appealed from, yet, nevertheless, the defendants are entitled to have judgment entered upon the latter without costs. In other words, that if the appellants have reduced the sum of all of the items surcharged in the least amount, however slight, in a reckoning of the whole matter, they are entitled to go cost free. That is, although the plaintiff has successfully sustained two items of surcharge aggregating $51.36, to the elimination by the defendants of other items amounting to $36, out of a total surcharge of $87.36 appealed from, the plaintiff, it is contended, must bear its own costs.

The statutory language which has been quoted does not deal with or treat of the manner or terms in which payment shall be entered, but imposes on the person appealing the duty of filing in court a bond with sureties, "conditioned to prosecute the appeal with effect and to pay all costs accruing thereupon if the final decision obtained ,shall not be more favorable to him than the report appealed from," thereby imposing the two contractual obligations stipulated on the appellant and his sureties and gaining security for the payment of all costs accruing in case of the contingency mentioned. But is it a general limitation on the liability of the appellant? Certainly not in express terms, whatever effect may be attributed to it inferentially. It more resembles the imposition of an obligation to give security to pay than a release from an obligation to pay. Without following this line of discussion further, let us turn to another phase of the matter and again refer to the specific language in question.

"When any person or persons charged with any sum of money in any report of auditors shall appeal therefrom." "Sum" is in the singular and there is no mention of "sums" in the plural. "Appeal therefrom" relates to the charge of "any sum of money." Then follows: "Such person or persons shall file in said court a bond, . . . conditioned to prosecute the appeal (from the charged sum of money) with effect, and to pay all costs accruing thereupon if the final decision obtained (shall not be more favorable to him than the report appealed from)." That is, more favorable with respect to the final decision obtained on the particular charge in the report appealed from.

It cannot be said that the final decision obtained on the two items found for plaintiff, and for which judgment `must be entered against the defendants, was more favorable to the latter than the charges therefor in the report. And it is equally clear that the appeal from those two items or sums of money charged in the report were not prosecuted with effect: Com. *v*. Lenhart, 233 Pa. 526. We are of opinion the contention on behalf of defendants cannot be sustained and that their motion must be refused.

No more costs, however, than such as legitimately and necessarily accrued and were applicable to this particular case should be allowed or taxed up in it.

And now, Nov. 20, 1925, after hearing and due consideration, the rule to show cause·on the motion for the entry of judgment without costs is discharged, and it is ordered and directed that, on payment of the jury fee, judgment be entered in favor .of the plaintiff and against the defendants for the sum of the verdict, $51.36, with interest from the date of the verdict, and costs.