THE MOFFAT TUNNEL IMPROVEMENT DISTRICT, a corporation created by and existing under special Act of the State of Colorado, *v.* THE UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation organized and existing under the laws of the State of Maryland.

(*June* 2, 1936.)

HARRINGTON, RICHARDS and SPEAKMAN, J. J., sitting.

*Caleb R. Layton, 3d,* and *Robert H. Richards, Jr.,* (of Richards, Layton and Finger), for plaintiff.

*Josiah Marvel, Jr.,* (of Marvel, Morford, Ward and Logan), for defendant.

Superior Court for New Castle County, No. 51, September Term, 1935.

SPEAKMAN, J., delivering the opinion of the Court:

The condition contained in the bond sued upon in this action is "that if the said Eastern Union Company of Delaware, Incorporated, its successors or assigns, or any of them, shall prosecute the said suit with effect, or shall pay any and all costs which may be awarded to the said, The Moffat Tunnel Improvement District, together with any and all damages not exceeding the sum of Five Thousand Dollars, ($5000.00), the amount of this bond, which the said The Moffat Tunnel Improvement District may have sustained in said suit by reason of such attach-

ment, if the judgment rendered in said suit shall be in favor of the said The Moffat Tunnel Improvement District, then this obligation to be void; otherwise, to be and remain in full force and virtue."

The two parts of the condition are in the disjunctive and there would be no liability under the bond unless there was a breach of the first part, namely, unless the Eastern Union Company of Delaware, Incorporated, failed to prosecute the action, which it commenced by foreign attachment, "with effect."

The defendant in this case, in support of its demurrer, contends that the words "with effect," as contained in the condition in the bond, mean "with diligence to a final determination," and that the declaration fails to sufficiently assign a breach of that condition in the bond.

The plaintiff, on the other hand, contends that such words mean "with success," and that the breach of said condition is assigned in the declaration.

In support of its construction of the meaning of the words "with effect," the defendant relies on the following cases: *Kahn v. Herman, 3 Ga.* (3 *Kelly*) 266; *Kasson v. Estate of Bicker,* 47 *Wis.* 79, 1 *N. W.* 418; *Riley v. Mitchell, Adm'r,* 38 *Minn.* 9, 35 *N. W.* 472; *Hobart v. Hilliard,* 11 *Pick.* (28 *Mass.*) 143.

In *Kahn v. Herman* the bond contained a condition not authorized or required by Statute, namely, that the plaintiff "should prosecute said attachment with effect at said court." The conditions of the bond required by the Statute were:

"1. That in the event that the plaintiff shall discontinue or be cast in his suit, the obligors will pay the defendant the costs which may be incurred, and

"2. In that event, that they will pay him all damages which may be recovered against the plaintiff for suing the attachment."

In construing the said condition in the bond, the Court said:

"To prosecute with effect" means to do what the law requires, and therefore means the same as "not permitting the suit to be discontinued." In other words, the Court held that the said condition in the bond, not authorized or required by Statute, did not increase or vary the obligation of the plaintiff under the Statute.

Similar situations appear in *Kasson v. Estate of Bicker* and in *Riley v. Mitchell, Adm'r*.

In support of its contention, the plaintiff relies on the following cases: *Lawlor v. Merritt*, 81 *Conn.* 715, 72 *A.* 143, 144; *Commonwealth v. Lenhart*, 233 *Pa.* 526, 82 *A.* 777, 779; *Texas Co. v. Wax*, 226 *Mo. App.* 850, 36 *S. W.* (2d) 122; *Trent v. Rhomberg*, 66 *Tex.* 249, 18 *S. W.* 510; *Babbitt v. Finn*, 101 *U. S.* 7, 13, 25 *L. Ed.* 820; *Gould v. Warner*, 3 *Wend.* (*N. Y.*) 54; *Doe v. Daniels*, 6 *Blackf.* (*Ind.*) 8; *Legate v. Marr*, 8 *Blackf.* (*Ind.*) 404, 405; *Karthaus v. Owings*, 6 *Harr. & J.* (*Md.*) 134; *Perreau v. Bevan*, 5 *Barn. & C.* 284; *Morgan v. Griffith*, 7 *Mod.* 380; *Vaughn v. Norris, Cas.t.Hard.* 137.

In *Lawlor v. Merritt* the condition in the bond was "to answer all damages in case the plaintiff in the action in which the injunction is applied for shall fail to prosecute the action to effect." With respect to said condition, the Court said:

"Construed in the light of the circumstances which require that protection should be given to the defendants, the fair interpretation of the words 'prosecute to effect' must be that the plaintiff was to obtain a final decision that he was entitled to the injunction, or some order equivalent to such a decision. Otherwise this requirement would be senseless and of no effect."

In *Commonwealth v. Lenhart* the condition of the bond

was that Lenhart "will prosecute his appeal with effect and will abide by and comply with all orders and the judgment of the superior court in the cause." The Court said:

"It has been held over and over again in our state that the stipulation to prosecute with effect means to prosecute with success."

The other cases relied upon by the plaintiff are to the same effect.

The meaning of the words "with effect" has been construed by the early common law Courts in England.

In *Perreau v. Bevan*, 5 *B. & C.* 301, Holroyd, J., said:

"But there was only an allegation that the suit was not prosecuted with effect in the Court above, that is, with final success."

In *Turner v. Turner*, 2 *B. & B.* 111, Dallas, C. J., said:

"We think the condition of the bond was broken, by the plaintiff in replevin becoming nonsuit, he had not prosecuted his suit with effect."

In *Harrison v. Wardel*, 5 *B. & Ad.* 153, Parke, J., said:

"Where the breach assigned is that the plaintiff did not prosecute his suit with effect, it is a sufficient answer to show that the suit is still pending."

■■ The Court is of the opinion, from the language of *Chapter* 265, *Volume* 37, *Laws of Delaware,* above referred to, that the object sought to be obtained by the General Assembly by its passage was to fully protect defendants against damages in actions in which their property, rights, credits or moneys were attached under writ of foreign attachment, and to accomplish such object the words "with effect," as used in said Act, necessarily mean "with success"; and the Court is also of the opinion that in construing the meaning of the words "with effect," as used in bonds similar to the one sued upon and given for similar

purposes, the greater weight of authority, as evidenced by the English Common Law Courts and by the Courts of this Country, is clearly to the effect that the words "with effect" mean "with success." The Court is therefore of the opinion that the words "with effect," as used in the bond sued upon, mean "with success."

■ The allegation in the plaintiff's declaration that The Moffat Tunnel Improvement District by leave of Court appeared specially and moved that the writ of foreign attachment be vacated, the service and return thereof quashed and the garnishee discharged, and that, after argument of counsel, the Court granted the motion and accordingly entered an order vacating the attachment, quashing the service and return thereof and discharging the garnishee, in the opinion of this Court sufficiently assigns a breach of the first part of the condition in the bond sued upon. Such allegation, for the purpose of this demurrer, shows the entry of a final judgment against the Eastern Union Company of Delaware, Incorporated, and therefore a failure by it to prosecute "with effect."

The defendant in support of its second cause of demurrer contends that the damages, which the plaintiff by its declaration alleges it has sustained, are not recoverable in this action.

Both the plaintiff and defendant in support of their respective contentions relative to the rights to recover, as damages, attorney fees and other expenses, rely largely on the cases contained in the annotations in 25 *A. L. R.* at *page* 579, and 71 *A. L. R.* at *page* 1458. Excepting *State ex rel. Conaway v. Binney* (1907), 127 *Mo. App.* 710, 712, 106 *S. W.* 1114, none of the cases in either annotation, nor any other case relied upon by either of the parties, seems to have any direct application to the present case.

In the plaintiff's declaration in the present case, there is no allegation that there were any monies, goods, chattels or effects of the defendant in the hands of the corporation summoned as garnishee at the time it was notified of the attachment, or at any time after and before its plea pleaded, which was the question raised and the issue to be tried under the plea of *nulla bona,* as provided by *Section* 4127 of the *Revised Code of* 1915.

A copy of the answer of the corporation summoned as garnishee is made a part of the declaration demurred to. Paragraph 1 thereof is as follows:

"That the Moffat Tunnel Improvement District, the defendant above named, has neither been served with process in this cause, nor were any goods, chattels, rights, credits, monies or effects belonging to the above named defendants in the hands of The Denver & Salt Lake Railway Company, a corporation of the State of Delaware, or was the garnishee above named indebted to the above named defendant either at the time of the attachment laid nor at any time subsequent thereto down to and including the date of the entry of a plea of *nulla bona* by The Denver & Salt Lake Railway Company, to-wit, the fourth day of January, A. D., 1934."

Paragraph 3 thereof contains the following language:

"That although, as above stated, there was nothing due and owing from The Denver & Salt Lake Railway Company, the garnishee above named, to The Moffat Tunnel Improvement District, the defendant above named, either at the time of the attachment laid, or since, down to the time of the entry of the plea of *nulla bona* as aforesaid nevertheless," etc.,

And paragraph 4 thereof contains the following language:

"The situs of any sums which may have become due and owing, which are due and owing, or which may become due and owing under said lease from The Denver & Salt Lake Railway Company to The Moffat Tunnel Improvement District by reason of said lease," etc.

A copy of the bond sued upon is also made a part of the declaration demurred to. It contains the following recital:

"Whereas, pursuant to said Writ of Foreign Attachment, The Denver & Salt Lake Railway Company, a corporation of the State of Delaware, has been duly summoned as garnishee and all funds, monies and credits in the hands of said garnishee belonging or owing to the said, The Moffat Tunnel Improvement District, duly attached."

The said statements contained in the copy of the answer of the garnishee and the copy of the bond, for the purpose of this demurrer, cannot be taken or considered as allegations showing the jurisdiction of this Court over any property, monies, goods, chattels or effects belonging to the defendant, but even if they could be so considered, it would be impossible to draw any inference from them, when read together, in support of such jurisdiction.

This Court cannot hold that the monies which the plaintiff alleges that it has expended in this case can be recovered as damages in an action on the bond, given pursuant to said *Chapter* 265, *Volume* 37, where it appears that the declaration filed in the action fails to allege that any monies, goods, chattels or effects or other property of the defendant had been attached, because it necessarily follows, if no monies, goods, chattels or effects of the defendant were attached, or, as appears in the declaration in this case, no general appearance was entered for the defendant in the suit instituted by the foreign attachment, the Court would be without jurisdiction to enter any judgment, either in *rem* or in *personam,* against the defendant and therefore there could be no damages in view of the interpretation above given of the meaning of the condition contained in the bond sued upon. A like view was taken in the case of *State ex rel. Conaway v. Binney,* 127 *Mo. App.* 710, 106 *S. W.* 1114, 1115, above referred to, in which the facts were, to a large extent, similar to the facts in this case. In that case it was held that there could be no recovery of attorneys' fees in an action on an attachment bond, as there had been no damages within the meaning

of the bond, where an attachment writ was issued, but no property was levied on, and a notice of garnishment was served, but the party garnished had no property or effects of the plaintiff in the attachment suit, who had dismissed the case before answer, plea in abatement, or interrogatories were filed. The Court said that

"If he [the defendant in the attachment suit] employed an attorney it was premature, in so far as his right to an action on the bond is concerned. He is in no better position to maintain such action than if this defendant had said, and he had heard, that an attachment writ was to be sued out, and had thereupon employed an attorney. The fact that the writ of attachment was issued was of no consequence, if it was not executed. The employment of an attorney made in the principal case on the merits would, of course, give no right of action on the attachment bond."

Having arrived at this conclusion, it is not necessary to consider the third assigned cause of demurrer.

It is the opinion of the Court that under the allegations in the plaintiff's declaration there can be no recovery of the damages therein alleged.

The demurrer is sustained.