Commonwealth *v.* Barfod (et al., Appellant).

60

Argued October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Richard A. Smith,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY RENO, J., December 11, 1946:

Einar Barfod was convicted of embezzlement and fraudulent conversion, and sentenced to serve one year in prison and pay a fine of $1000 and the costs. He appealed to this court, and appellant became his surety upon the appeal bond filed in the court below. His conviction was affirmed in an opinion reported sub nom. *Com. v. Van Buskirk et al.,* 155 Pa. Superior Ct. 613, 636, 39 A. 2d 311, and he was ordered to "appear in the court below . . . and . . . be committed by said court until he has *complied* with his sentence or such part thereof as had not been *performed* when his appeal was made a *supersedeas".* (Emphasis added.) Barfod surrendered and served his prison sentence, but did not pay the fine and costs. The district attorney demanded payment, and upon the refusal of the surety to pay, he moved for an order of forfeiture which the quarter sessions court entered after notice and a hearing. Thereafter the district attorney filed a statement of claim in the same court, sounding in assumpsit and averring failure to pay the costs and fine. Appellant's affidavit of defense raising questions of law was overruled. Its subsequent affidavit of defense to the merits was found to be insufficient, and the court entered judgment for the fine and costs against appellant from which it appealed. Additional facts which clarify the issue will be stated in our seriatim consideration of appellant's contentions.

I. After Barfod was sentenced the court below directed "bail to be reëntered in the sum of $2500.00 pending appeal to the Superior Court." A bond, the terms of which will presently appear, was entered, and Barfod was released from custody and remained at large until his conviction was affirmed. Because the order of the

court did not expressly allow a supersedeas and the instrument was not specifically denominated a supersedeas bond, it is contended that the bond only contemplated and required Barfod's appearance in this court, and no more.

The argument does not impress us. Barfod could have gone to jail and appealed without posting any bail. Act of May 19, 1897, P. L. 67, §15, as amended, 12 PS §1152. To secure his liberty pending the appeal, he gave bail in the amount appropriate for a supersedeas, being at least double the sum of the fine and costs. Id., §6, 12 PS §1138. The conditions of the bond are those required for a supersedeas. It was manifestly entered for the purpose of securing a stay of the sentence, and in fact effected a suspension of it. Our order indicates that we treated Barfod as though he was protected by a supersedeas. These circumstances preclude the contention. *Com. ex rel. v. Best,* 34 Pa. Superior Ct. 219.

II. The pertinent conditions of the bond are: "That the said Einar Barfod will *prosecute* his appeal from the judgment and sentence . . . to the Superior Court . . . *with effect, pay all costs and charges awarded against him,* and will be and appear at the said Superior Court . . . then and there to answer all such charges as may be preferred against the said Einar Barfod and *to abide the decision of the said Court,* and not to depart the said Superior Court . . . and the Court of Quarter Sessions . . . without leave, and upon the affirmance of the sentence and judgment . . . will surrender himself to the Sheriff of Philadelphia County, so that the sentence heretofore imposed . . . may be executed . . . " (Emphasis added).

The bond required Barfod to (a) prosecute the appeal with effect, (b) abide the decision of this court, (c) pay all costs and charges awarded against him, and (d) surrender himself upon affirmance of the conviction to the court below. These are independent and distinct, not alternative, undertakings, and Barfod and his surety

were obliged to fulfill all of them; a breach of any one worked a forfeiture of the whole. *Gibbs v. Bartlett,* 2 W. & S. 29. Only one condition has been performed; Barfod surrendered and served his jail sentence. But he did not "prosecute his appeal . . . with effect"; "with effect", according to all our authorities, means with success, and Barfod's appeal failed. *Com. v. Lenhart,* 233 Pa. 526, 82 A. 777. He did not pay "all costs and charges awarded against him"; "charges" is a generic term signifying in that context an obligation and is sufficiently broad to include a fine. He did not abide the decision of this court. "Abide" means comply, obey, and perform, and Barfod has not complied with the sentence which required him to pay the fine and costs. *Com. v. Lenhart,* supra; 1 Words and Phrases, 75. The conditions of the bond had been breached, and the Commonwealth is entitled to its judgment.

III. Basing his contention upon the Act of 1897, supra, §5, 12 PS §1137, which provides that bail "shall be sued upon in like manner as official bonds", appellant contends that the Commonwealth was obliged to sue in assumpsit in the common pleas court.

In Philadelphia County, by virtue of the local and special Act of April 22, 1846, P. L. 476, §4, 17 PS §503, the quarter sessions court has exclusive jurisdiction of suits upon "all recognizances of bail, for the appearance of anyone charged with a criminal offense" in its criminal courts. (See also Act of April 4, 1837, P. L. 377, §2, 17 PS §502, which had conferred concurrent jurisdiction). The Act of 1846 was not repealed by the Act of 1897. The Act of 1897, supra, §22, 12 PS §1161, "furnish[ed] a complete and exclusive system in itself on all appeals to such appellate [Supreme and Superior] courts", and repealed "all other acts and parts of acts, general, special or local, appertaining to the subject-matter covered by this act", but, although it specified a series of acts to be repealed, it did not mention or touch the Act of 1846. The reason for this is apparent. The

Act of 1897 regulates appeals to the appellate courts and to that extent is plenary; and all statutes within its ambit are repealed. But it did not purport to regulate proceedings in the lower courts or to alter their jurisdiction, and it did not repeal or amend, expressly or by implication, not even by §5, supra, the procedure prescribed for courts of original jurisdiction by prior legislation, general, special or local. Only upon the showing of a clear legislative mandate, will courts hold that subsequent legislation decreases the existing jurisdiction of a court of record. Statutory Construction Act of May 28, 1937, P. L. 1019, §58 (7), 46 PS §558.

IV. The suit was begun in the quarter sessions by filing a statement of claim. No writ of summons was issued, and this appellant assigns as error. It has been the practice for many years, certainly since 1900, the opinion of the court below informs us, to institute such suits upon a statement and without a summons. Appellant had notice of the forfeiture proceedings and appeared therein; it had notice of the filing of the claim and was allowed to present its defense; and therefore its complaint of the omission of a writ of summons, even if a writ were required, is a mere technicality. The absence of the writ did not prejudice appellant's right to a full and a fair hearing of its case. If error, it is harmless error.

V. In its affidavit of defense appellant alleged that the district attorney did not tender and therefore Barfod and appellant did not have opportunity to execute their bond according to a new or revised form of the supersedeas bond which that official prepared after this case arose and which, to avoid future litigation, states more clearly the exact conditions of the obligation. Upon motion, the court below struck this allegation from the affidavit as irrelevant matter. The statement of the contention is sufficient to expose its fallacy.

Judgment affirmed.