## Kulich Furniture Co. v. Bowman

*Hirsch & Hirsch*, for plaintiff.

*Paul N. Barna*, for defendants.

WEINER, J., November 18, 1955.—This case comes before the court on the petition of David Scott to open the judgment entered at the above number and term on a bond admittedly executed by the said David Scott as surety on the bond of Herman Bowman, one of defendants above named. This bond was given by the said David Scott and Herman Bowman in connection with a writ of certiorari issued from this court to Joseph A. Fiedler, Justice of the Peace, in connection with a judgment rendered by the said justice of the peace in favor of plaintiff above named and against the said Herman Bowman.

The petition to open judgment raises the question of liability of a surety executing a bond in connection with a writ of certiorari and what procedure, if any, is required to fix the liability of such surety where the writ of certiorari, as in this case, is quashed or dismissed.

While there are many cases dealing with the liability of a surety executing an appeal bond in which the condition of the bond is that "the said appeal shall be prosecuted with effect", our research has revealed very few cases dealing with the issue that now confronts the court.

It is now well established in Pennsylvania that in connection with an appeal bond, the words, "to prosecute the appeal with effect" means to prosecute with success. Probably the leading case establishing that principle arose from a case in Washington County, where the opinion of the late Judge McIlvaine in so construing the liability of a surety on an appeal bond was upheld by the Supreme Court. See Commonwealth v. Lenhart, 233 Pa. 526. This principle has been repeatedly reaffirmed by our appellate courts and it should suffice to mention but two of the more recent cases, those of Pantazis v. Fidelity and Deposit Co., 369 Pa. 221, and Conston v. New Amsterdam Casualty Co., 366 Pa. 219.

It should be noted that the bond given in this proceeding in connection with this writ of certiorari contained exactly the same words that have been repeatedly construed in connection with appeal bonds, to wit, "that the said writ would be prosecuted with effect". We are of the opinion that the same construction should be applied to this bond and the writ of certiorari must be prosecuted with success. Since this writ of certiorari was not successful and was quashed, the surety cannot now be heard to say that he should not now be liable on his bond for the balance of debt, interest and costs that may be due plaintiff in this proceeding.

In the case of Smith v. Ramsay, 6 S. & R. 573, the Supreme Court held that it was not necessary to execute on a judgment against a principal before execut-

ing against the surety, since nothing but a release or satisfaction of the judgment would satisfy the condition of the recognizance.

In the case of Erdman v. Hartman, decided by the Court of Common Pleas of Lehigh County and reported in 7 Pa. C. C. 609, the court there held that the surety was liable on his recognizance given in connection with a writ of certiorari, and refused his request to open the judgment entered on that bond. This court is of the opinion that the Court of Lehigh County was correct in its position. The only remaining question is as to the proper procedure to be adopted by plaintiff in pursuit of his right of recovery on the bond.

In Binn's Justice, part 1, section 106, page 225, we find the statement that "the party in whose favor the judgment has been affirmed may also take a *scire facias* as against the bail, who is liable without any previous process against the principal". In support of this statement they cite the case of Smith v. Ramsay, supra.

The judgment in this case against the surety was entered by virtue of an order of court reciting the facts with reference to the writ of certiorari that created the liability of petitioner in this proceeding. The only point that could properly be raised by this petitioner is whether plaintiff is seeking to recover more from this petitioner than is justly due on account of the debt, interest and costs. Since this is not averred, and the remaining questions have been resolved in favor of plaintiff, the rule issued must be dismissed.

Therefore the following

*Order*

And now, November 18, 1955, the rule issued on plaintiff to show cause why the judgment entered against petitioner should not be opened is hereby dismissed and the sheriff is hereby authorized to proceed.