Rumig *v.* Ripley Manufacturing Corp., Appellant.

Argued November 13, 1950. Before Drew, C. J., Stearne, Jones, Ladner and Chidsey, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Harry O. Weinberg,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, January 2, 1951:

This is an action in trespass by John J. Rumig and others, all of whom are members of the Fire Department of the City of Philadelphia, against Ripley Manufacturing Corp., a New York corporation, Ripley Clothes Phila. Inc., a Pennsylvania corporation, and George W. Neff, a resident of Philadelphia, to recover damages for personal injuries sustained when a false ceiling on the premises of the Pennsylvania corporation fell upon them while they were in the performance of their duties as firemen. Ripley Manufacturing Corp. was served by registered mail sent to the Secretary of the Commonwealth as required by the Act of 1937, P. L. 2747, 12 PS §331, et seq.,[1] now incorporated into Pennsylvania Rules of Civil Procedure §2079. The corporation filed preliminary objections challenging the jurisdiction of the court below. This appeal is from an order overruling the objections.

---

[1] Section 1 of the Act of 1937, P. L. 2747, provides: "From and after the passage of this act, any nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

The complaint, answer and depositions taken disclose the following facts: Ripley Manufacturing Corp. is a New York corporation. Negotiations were begun for the leasing of premises at 1215 Market Street, Philadelphia, by an officer of the New York corporation prior to the existence of Ripley Clothes Phila. Inc. The latter corporation was formed by the four men who are owners of all the stock of Ripley Manufacturing Corp., specifically for the purpose of entering into the lease. Ripley Manufacturing Corp. guaranteed performance by Ripley Clothes of all the terms, covenants, conditions and obligations of the lease. George W. Neff, an architect, was engaged by an officer of Ripley Manufacturing Corp. to prepare plans for alteration and repair of the premises. The money used by Ripley Clothes to pay for the alterations was advanced by the New York corporation and the common stockholders. No notes evidencing these advances were given. One Ben Stern, an employe of Ripley Manufacturing Corp., was in charge of letting and passing upon contracts, and had the responsibility to see that alterations were properly made. He was supervisor of the alterations with authority to overrule the architect, which authority he exercised on several occasions. He was not an employe of the Pennsylvania corporation.

Ripley Clothes has its main office in the office of Ripley Manufacturing Corp., in New York. Its books and records are kept there. It obtains all merchandise from the New York corporation which manufactures clothing. The Pennsylvania corporation sells at prices fixed by the New York corporation, and is allowed to retain only sufficient funds to cover expenses and provide for profits. It uses the advertising slogan of the New York corporation.

The court below concluded from the foregoing facts that: "It is thus apparent that the Pennsylvania cor-

poration is controlled by the New York corporation, through its stockholders and officers, and that it is a mere sales agent acting wholly under the authority and for the benefit of the latter. The identity of interest could not be closer, or the exercise of control could not be more intimate."

The evidence is conclusive that the common owners have in fact made the Pennsylvania corporation a completely controlled agency or instrumentality of the New York corporation. The two corporations may be treated as identical and dealt with as if the corporate agency or instrumentality did not exist.

This Court has not hesitated heretofore to treat as identical a corporation and individual or individuals owning all stock and assets thereof. The fiction of a corporate entity may not be permitted to be used to bring about unjust results. See *Norris Tool and Machine Co. v. Rosenlund*, 355 Pa. 560, 50 A. 2d 273; *Edirose Silk Manufacturing Company v. First National Bank and Trust Company*, 338 Pa. 139, 12 A. 2d 40. Nor will this Court permit the use of such fiction to enable the owners to escape jurisdiction of the courts where, as here, it clearly appears that the Pennsylvania corporation and the New York corporation are owned by the same individuals and that the former is in fact a mere corporate agency of the latter. It is subject to and controlled by the latter. The owner of the New York corporation could not by creation of an alter ego in form of a Pennsylvania corporation divorce itself from the fact of use of the premises within this Commonwealth. The New York corporation has been using the premises and exercising control over them within the meaning of the Act of 1937, supra.

The court below did not err in concluding that Ripley Manufacturing Corp. "directly made use of the premises itself without the intervention and assistance

of the Pennsylvania corporation, and it was from such use of the premises that the injuries to plaintiffs are alleged to have occurred."

Order affirmed.