GREAT AMERICAN INDEMNITY COMPANY, A CORPORATION, APPELLANT *v.* SWEETWATER MINING COMPANY, A CORPORATION, RESPONDENT.

No. 4074

June 27, 1958.                                    326 P.2d 1105.

(Rehearing denied July 21, 1958.)

*Vargas, Dillon & Bartlett* and *Alex A. Garroway,* of Reno, for Appellant.

*John P. Thatcher,* of Reno, for Respondent.

# OPINION

By the Court, MERRILL, J.:

This is an appeal taken by the defendant below from summary judgment in favor of plaintiff. The action is for damages sustained by virtue of wrongful attachment. The damages for which judgment was rendered below related to defense upon the merits of the action in which the attachment was levied. The sole question involved upon this appeal is whether such damages can be said to have been sustained by reason of the attachment.

In 1950 an action was brought by one Arends against this respondent. Arends secured a writ of attachment which was levied against certain real and personal property of the respondent. Respondent successfully defended the action and judgment in its favor was upheld on appeal to this court. Arends v. Sweetwater Mining Company, 72 Nev. 73, 294 P.2d 914. The present action was brought March 31, 1957 by respondent against appellant as surety upon the undertaking which supported the attachment in the earlier action. That undertaking, pursuant to NRS 31.030 was to the effect that should defendant prevail in the action the surety would "pay all costs that may be awarded to the said

defendant and all damages which it may sustain by reason of attachment, including attorneys' fees." The undertaking was limited to the sum of $3,700.

In the court below the respondent established that in the earlier action it had received judgment for costs in the sum of $159. As damages sustained by reason of attachment respondent made proof of an obligation for attorneys' fees in connection with the defense of the earlier action in the sum of $3,350 and the expenses of witnesses testifying upon trial in the earlier action in the sum of $2,028.14. Further proof was made that the writ of attachment issued in the earlier action was valid and regular upon its face; that no steps were taken to discharge or dissolve the attachment since such proceedings would have been futile; that the only manner in which the attachment could have been dissolved was to defend the action upon the merits. Summary judgment below was rendered upon this showing in the sum of $3,700, the limits of the undertaking.

There is no issue as to the sum of $159 costs. Appellant contends, however, that counsel fees and witnesses' expenses incurred in defending the earlier action upon the merits cannot properly be held to have been incurred by reason of the attachment. Respondent, on the other hand, contends that where the only manner in which the attachment could have been dissolved was through successful defense of the action upon the merits, such expenses are properly attributable to the attachment.

Upon this issue authority is divided. See Annotations, 25 A.L.R. 580 and 71 A.L.R. 1458. We may note that certain of respondent's authorities have been distinguished by appellant upon the ground that the action in those cases was quasi in rem while in this case it is in personam. If there be merit in such a distinction we need not decide it here. In our view the rule for which appellant contends, exemplified by the following authority, is better supported by reason and must be adopted. Travis v. Brock Lime Co., (La.App., 1947), 29 S.2d 545; Java Cocoanut Oil Co. v. Fidelity & Deposit Co., (C.C.A. 9th,

1924), 300 F. 302, 39 A.L.R. 523; St. Joseph Stock Yards Co. v. Love, 57 Utah 450, 195 P. 305, 25 A.L.R. 569.

In considering whether expenses of litigation can be regarded as damages for wrongful attachment, two situations should be distinguished.

(1) Where the attachment is defective and is subject to being dissolved by virtue of defect regardless of the merits of the action. Here the expenses involved in setting it aside are properly regarded as damages resulting from the attachment. The attachment was wrongful regardless of the merits. Had there been no attachment the expenses involved would never have been incurred.

(2) Where the attachment is not defective and its wrongfulness is due only to a lack of cause of action. Here the expenses incurred in prevailing in the action upon the merits are not attributable to the attachment but to the fact that action was brought. It was not the attachment which required the incurring of these expenses. They were incurred for the reason that defense was necessary. They would have been incurred whether attachment had issued or not. In Wantz v. Redfield (opinion handed down earlier this month), 74 Nev. 194, 326 P.2d 413, we held that the filing of a third party claim against attached property did not constitute conversion where the claim was later disallowed. We there stated, "In the absence of malice, which the record here does not reveal, it is not wrongful or tortious to engage in a dispute * * * nor to submit that dispute to the courts. Courts exist for the purpose of resolving disputes. One does not become a tortfeasor merely by having judgment entered against him in an action brought in good faith."

The same principle would seem to apply here. To permit recovery of the expenses of litigation upon the merits in effect would be to brand the plaintiff a tortfeasor guilty of malicious prosecution, where, in truth, it would appear that the action had been brought in all good faith.

Damages resulting from the fact that property was

wrongfully placed under attachment may certainly be recovered. Damages resulting from the fact that suit was brought may not.

Reversed and remanded with instructions that summary judgment be set aside and for further proceedings.

BADT, C. J., and EATHER, J., concur.