**AMERICAN OPTICAL COMPANY**

v.

**PHILADELPHIA ELECTRIC COM-PANY et al.**

**Civ. A. No. 28518.**

United States District Court
E. D. Pennsylvania.
April 1, 1964.

George E. Beechwood, John Lovitt, Beechwood & Lovitt, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for Philadelphia Elec. Co.

Louis J. Goffman and Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for A. M. Greenfield & Co.

Charles Lowenthal, Philadelphia, Pa., for Vincent D'Attilio.

Melvin Alan Bank and Albert Ring, Philadelphia, Pa., for Chestnut Corp. and Wm. Kriger.

William C. Schultz, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for Chestnut Corp.

GRIM, District Judge.

On December 28, 1956 a fire occurred in a building located at 801–809 Chestnut Street, Philadelphia. On September 2, 1960 a tenant in the damaged building sued among others, (1) Chestnut Corporation, the record owner of the building at the time of the fire, (2) the corporation's president and (3) the building rental agent, alleging their joint and several liability for the property damage sustained by the tenant in the fire. Diversity of citizenship is the basis of jurisdiction. Personal service of process was effected on the rental agent but not the corporation or its president. Pursuant to an order of court dated December 7, 1962 the complaint was amended to include as party defendants certain trustees to whom it was alleged the damaged premises had been conveyed on or about September 13, 1957. By authorization of this court, Chestnut Corporation, its president and the trustees, were served by mailing a copy of the complaint to the Secretary of the Commonwealth of Pennsylvania, and to the named defendants at their respective out of state residences. These three parties have now filed various motions challenging this court's jurisdiction over them.

*Motion of Chestnut Corporation to Dismiss*

Chestnut Corporation in its motion to dismiss argues that at the time service was effected on it the corporation had ceased to exist and was not subject to suit.

■ Capacity to sue or be sued in a federal court in the case of a corporation is determined by the law of the state under which it was organized. Fed.R.Civ.

P. 17(b). Chestnut Corporation was organized under the laws of Pennsylvania which provide for the survival of remedies against a dissolved corporation as follows:

"* * * The dissolution of a business corporation, either by the issuance of a certificate of dissolution by the Department of State, or by the decree of a court of common pleas * * * shall not take away or impair any remedy given against such corporation * * * for any liability incurred prior to such dissolution, if suit thereon is brought and service of process had before or within two years after the date of such dissolution. * * *" Act of May 5, 1933, P.L. 364, art. XI, § 1111 as amended, 15 P.S. § 2852–1111(A).

The fire in which plaintiff's alleged damages were sustained occurred on December 28, 1956. As a result of an application by the shareholders, a Certificate of Dissolution of Chestnut Corporation was issued by the Pennsylvania Department of State on September 28, 1959. Suit was started on September 2, 1960 and service of process on Chestnut Corporation was effected on December 20, 1962, which was more than three years after the corporation had been dissolved.

■ Plaintiff contends that the Pennsylvania statute quoted above "* * * is an enabling act and not a restrictive act and * * * does not in terms prohibit suit after the two year period." With this I disagree. The purpose of the statute is to set up an orderly procedure for the dissolution of a business corporation and at the same time to fix a time beyond which the shareholders need no longer concern themselves about the possibility that creditors might assert claims which could upset the dissolution and resurrect the corporation for the purpose of defending against the alleged claims. The statute clearly puts a two-year limitation on the period during which creditors can assert claims after dissolution of the corporation.

It should be observed that plaintiff makes no contention of fraud, deception

or mistake in the dissolution proceedings of Chestnut Corporation nor presents any other attack on the dissolution proceedings itself.

■ Since the service of process on Chestnut Corporation in this suit was effected more than two years after the corporation had been dissolved, the motion to dismiss the action against it must be granted.

### Motion of William Kriger to Dismiss or Quash Service of Process

Defendant Kriger, who was the last president of Chestnut Corporation, moves to dismiss or quash the service of process of the complaint against him alleging that the service of process on him was insufficient. Service was made by mailing a copy of the complaint and summons to the Secretary of the Commonwealth of Pennsylvania and to the defendant at his home in New York State.

Such service is sufficient to confer federal jurisdiction over the person of this defendant if a Pennsylvania statute authorizes service in such a manner. Fed. R.Civ.P. 4(d) (7). Plaintiff argues that the Pennsylvania Non-Resident Owner of Real Estate Act is such a statute.[1] Defendant however contends that he is not and was not an "owner, tenant or user" of the real estate involved here, but only the president of the corporation which owned the real estate at the time of the fire which is the basis of the litigation here. It is undisputed that at the time of the fire the record owner of the real estate was Chestnut Corporation and not defendant Kriger. Plaintiff argues however that the corporation was "owned and controlled" by defendant Kriger and that Kriger "controlled, maintained and used" the premises involved in the litigation and "was the real owner thereof."

■ It is true that the fiction of the corporate entity cannot be used by the real owners of a property to escape liability for injuries caused by them, Rumig v. Ripley Mfg. Corp., 366 Pa. 343, 77 A. 2d 360 (1951). Cf. Norris Tool & Machine Co. v. Rosenlund, 355 Pa. 560, 50 A. 2d 273 (1947). However, the record before the court lacks sufficient facts for the court to make an intelligent determination of the issue at this time. The only evidence in the record bearing on this issue is the admission of defendant Kriger in his answer to the third-party complaint of Albert M. Greenfield & Co. and in his answers to plaintiff's supplementary interrogatories that he was the president of Chestnut Corporation at the time of the fire.

Plaintiff attempted by interrogatories to discover the names of the shareholders of Chestnut Corporation and their respective interests, but Kriger objected to the interrogatories and refused the information asserting that it was irrelevant to the issues involved in the litigation. The problem of the correctness of defendant's refusal during discovery to disclose this information never was submitted to the court.

■ On the present state of the record, the court is of the opinion that there is sufficient evidence to raise a presumption that defendant Kriger was a "user" of the real estate and that the ultimate issue whether defendant was an "owner" or "user" of the real estate within the meaning of the Non-Resident Owner of Real Estate Act can best be determined after further discovery when all the evidence has been developed concerning the control, maintenance and use of the property in question at the time of the fire. Accordingly, defendant Kriger's motion

---

1. The Act of July 2, 1937, P.L. 2747, § 1, 12 P.S. § 331, provides:

"* * * (A)ny nonresident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania * * * shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate * * * make and constitute the Sec-

retary of the Commonwealth of Pennsylvania his * * * agent for the service of process in any civil action or proceedings instituted * * * against such owner, tenant, or user of such real estate * * * arising out of or by reason of any accident or injury * * * in which such real estate, footways, and curbs are involved."

to dismiss for insufficient service will be denied without prejudice to his right to renew such motion if further discovery or the evidence introduced at the trial demonstrates the propriety of such action. Fed.R.Civ.P. 12(d). See Melo v. Bailey, 196 F.Supp. 95 (E.D.Pa.1961).

*Motion of Trustees to Dismiss or Quash Service of Process of Plaintiff's Complaint*

The defendant trustees to whom the damaged premises were conveyed by Chestnut Corporation after the fire but prior to the institution of this suit have filed a motion to dismiss. They object to their participation in the suit on several grounds.

The trustees first contend that the plaintiff has failed to state a claim against them upon which relief can be granted. They argue that they cannot be held liable for any damages resulting from the fire since they were not the owners of the real estate nor in any way connected with the management of the building at the time of the fire. In answer to trustees' motion to dismiss it is contended that while the trustees probably cannot be held liable directly for any damages resulting from the fire, they can be liable and the complaint does set forth a claim for relief under the Pa. Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379 § 1 et seq., 39 P.S. § 351 et seq.

Section 4 of this Act, 39 P.S. § 354, provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

The Fraudulent Conveyance Act also provides, 39 P.S. § 360:

"Where a conveyance made or obligation incurred is fraudulent as to a creditor * * * he may proceed, in a court of competent jurisdiction,

against any person * * * and the court may:

"(a) Restrain the defendant from disposing of his property;

"(b) Appoint a receiver to take charge of the property;

"(c) Set aside the conveyance or annul the obligation; or

"(d) Make any order which the circumstances of the case may require."

Although the complaint is not worded as clearly as it might be, it is clear enough to indicate a cause of action under the Pa. Fraudulent Conveyance Act. One of the grantee trustees is the president of the grantor corporation and several of the beneficiaries of the trust appear to be his relatives. The amended complaint also states that " * * * (F)ollowing the * * * fire * * * all assets of the corporation, were conveyed to the persons named in the preceding paragraph." This averment to the effect that all the assets of the corporation were conveyed after the fire to the president of the corporation and his relatives is enough to indicate a fraudulent conveyance and a cause of action under the Pa. Fraudulent Conveyance Act. Of course after complete discovery and when the pre-trial memorandum is filed it will have to set forth the alleged cause of action in considerably more detail.

The trustees contend further that if the complaint states a cause of action under the Fraudulent Conveyance Act it is premature. They contend that there is no cause of action now since plaintiff's claim for the damages caused by the fire has not yet matured into a judgment. This contention is without merit. Section 10 of the Fraudulent Conveyance Act, 39 P.S. § 360, entitled "Rights of Creditors whose claims have not matured" specifically gives a cause of action to the holder of an unmatured claim. See In re Elliott, 83 F.Supp. 771, 773 (E.D.Pa.1948), aff'd sub nom. Elliott v. McCann, 173 F.2d 895 (3d Cir. 1949).

It is correct of course that there can be no recovery against the defendant

trustees until a case has been proved against defendant Kriger the alleged alter ego of the grantor, Chestnut Corporation. However, there seems to be no reason why the suits against Kriger and the trustees cannot be tried at one time. This, however, will be largely a discretionary problem for the trial judge.

 The trustees' final objection relates to the manner of service of the complaint which, as has been determined, states a cause of action under the Fraudulent Conveyance Act. Service of the complaint on the non-resident trustees, pursuant to an order of this court, was effected by sending a copy of the complaint and summons to the Secretary of the Commonwealth of Pennsylvania and a copy to the named trustees at their respective New York residences. Trustees argue that there is no authorization for such substituted service under any Pennsylvania statute.[2] I disagree. Pa.R.Civ. P. 1504(b), 12 P.S.Appendix provides for service on a party outside the state by mailing a copy of the complaint to him "if the subject matter of the action is property within the jurisdiction of the court * * *." The property involved in plaintiff's complaint under the Uniform Fraudulent Conveyance Act is real estate located in the City of Philadelphia.

The Pennsylvania courts which have construed and applied the predecessor of Rule 1504(b) have held that it is applicable to an action to set aside a fraudulent conveyance where the property is located within the state and the grantee of the property is found outside the state. American Trust Co. v. Kaufman, 287 Pa. 461, 135 A. 210 (1926). See Alpern v. Coe, 352 Pa. 208, 42 A.2d 542, 161 A.L.R. 1046 (1945).

Service of process utilized in this case was sufficient to bring the trustees into the action.

In summary, plaintiff's complaint fairly alleges a claim for relief against the trustees under the Uniform Fraudulent Conveyance Act, the action is not premature and the complaint has properly been served.

### Motion of Trustees to Dismiss or Quash Service of Process of Defendant Greenfield's Cross-Claim

 The trustees in this motion raise the same objections that they have raised in their motion to dismiss or quash the service of process of plaintiff's amended complaint. Since the trustees are properly before the court by virtue of plaintiff's complaint and service of process, defendant Greenfield was entitled to file his cross-claim against the trustees. Service of the cross-claim apparently was made on the trustees as parties pursuant to Fed.R.Civ.P. 5(b) which provides that " * * * (w)henever * * * service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney * * *." However, the record before the court is bare of any evidence on this jurisdictional fact. Although the trustees in their motion to quash the service of process have not raised this point, the court is of the opinion that the particulars of the service of the cross-claim should be placed on the record before this action proceeds any further. Accordingly, the motion of the trustees to dismiss or quash the service of process of the cross-claim will be denied contingent on the filing with the court of adequate proof of service of the cross-claim by defendant Greenfield.

### ORDER

And now, this 1st day of April, 1964, the motion of Chestnut Corporation to dismiss the complaint of American Optical Company is granted; the motion of William Kriger to dismiss the complaint of American Optical Company against him or quash the service of process of said complaint is denied without prejudice; the motion of Leo Greenberg, I.

2. As pointed out earlier in this opinion, federal jurisdiction can be obtained by service of process outside the territorial limits of the state in which the federal court sits, if a statute of the state authorizes such service. Fed.R.Civ.P. 4(d) (7).

Meyer Pincus and William Kriger, trustees for named beneficiaries, to dismiss the complaint of American Optical Company against them or quash the service of process of said complaint is denied, and the motion of Leo Greenberg, I. Meyer Pincus and William Kriger, trustees for named beneficiaries, to dismiss the cross-claim of Albert M. Greenfield & Co., Inc. against them or quash the service of process of said cross-claim is denied on the condition that Albert M. Greenfield & Co., Inc. file with the court within fifteen days an affidavit of service of its cross-claim.