Grace L. WALSH and Robert Walsh, Plain-
tiffs Below, Appellants,

v.

HOTEL CORPORATION OF AMERICA,
Defendant Below, Appellee.

Supreme Court of Delaware.

March 6, 1967.

Opinion on the Merits June 21, 1967.

Andrew B. Kirkpatrick, Jr. and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

Harold Leshem and Stephen Hamilton, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

We have before us a motion to dismiss this appeal. The action below was instituted by foreign attachment. Two orders are appealed from, the first denying a motion by the plaintiffs that their attachment bond be vacated or reduced in amount, and second, denying a motion by plaintiffs for leave to amend the complaint.

The action is one for personal injuries suffered at a motel in Waltham, Massachusetts. The defendant, Hotel Corporation of America, a New York corporation, was sued as the owner of the motel occupying and operating it under the name of Charter House. The defendant moved to dismiss the complaint on the basis that the plaintiffs had sued the wrong party. Attached to this motion was an affidavit to the effect that the motel in question was occupied and operated exclusively by Charter House of Massachusetts, Inc., a Massachusetts corporation, a subsidiary of Hotel Corporation of America. The motion to dismiss the complaint has not been decided and is still pending before the Superior Court.

Ultimately, the plaintiffs moved to amend their complaint to allege that the motel in question was either operated by Hotel Corporation of America or by Charter House of Massachusetts, Inc., the *alter ego* of Hotel Corporation of America, and that in contemplation of law these two corporations had no separate corporate existence. This motion to amend was denied by the Superior Court without opinion.

Subsequently, plaintiffs moved to either vacate or reduce the amount of the attachment bond required under the statute and offered to release from attachment the property seized. This motion was denied by the Superior Court without opinion.

The motion to dismiss the appeal is founded upon the contention that the two orders appealed from are interlocutory and settled no substantial issues in the cause nor established any legal rights.

The jurisdiction of this court to receive appeals from interlocutory orders from the Superior Court is established by Article IV, § 11(1)(a) of the Constitution, Del.C.Ann. The scope of review of interlocutory orders of the Superior Court is precisely the same. as our long-standing jurisdiction to review interlocutory orders of the Court of Chancery. Del.Const., Art. IV, § 11(4). The test of appealability of such an order is always whether or- not it determined a substantial issue or issues, or established legal rights. duPont v. duPont, 32 Del.Ch. 405, 82 A.2d 376.

In the determination, therefore, of this motion to dismiss the appeal the sole question before us is whether or not the

orders appealed from determined substantial issues or established legal rights.

■ With respect to the order denying, without opinion, the motion to vacate or reduce the amount of the attachment bond, it is apparent that the order was entered on the theory that the attachment bond could be looked to by the defendant for reimbursement of its attorneys' fees and expenses occasioned by the attachment. We assume that this is the fact since this was the only question briefed and argued below, and the court ruled in favor of the defendant.[1]

■ In our opinion, the denial of this motion constitutes an adjudication of a substantial legal right, viz., that the defendant may look to the bond for reimbursement of certain of its attorneys' fees. This is the question of law the plaintiffs seek to have reviewed in this proceeding. We think they are entitled to do so and, consequently, we refuse to dismiss the appeal from the order denying the reduction of the bond.

The order refusing leave to amend the complaint was argued to the court below on the theory that an amendment of this kind was improper because the plaintiffs at the time the amendment was offered lacked evidence to sustain the allegations. This was the only point briefed and argued below, and since the trial court held in favor of the defendant, we assume that the motion was denied on this ground.

■ The result is that the plaintiffs have had a right adversely determined to them, viz., their right to bring an alternate theory of recovery into the cause and to have discovery on it. We think this is an adverse determination of a substantial right and

is reviewable by this court as an interlocutory order.

These conclusions make it unnecessary for us to pass upon the plaintiffs' contention that any interlocutory order, discretionary in nature, is appealable for an abuse of discretion.

By reason of the foregoing, the motion to dismiss the appeal is denied. The defendant in accordance with Rule 8 shall file and serve its brief on the merits within 20 days after the filing of this opinion.

## On the Merits

CAREY, Justice.

The appellants, Grace L. Walsh and Robert Walsh, her husband, sued appellee, Hotel Corporation of America (Hotel), a New York corporation, in the Superior Court seeking damages for injuries sustained by Mrs. Walsh at a motel in Massachusetts and allegedly caused by defendant's negligence. Jurisdiction was obtained by foreign attachment. They have appealed from an interlocutory order which denied two motions, one for leave to amend the complaint, the other to vacate or reduce the amount of their attachment bond. We previously denied an application to dismiss the appeal. To understand the issues now presented, it is necessary to know the history of the proceedings which took place in the Court below. They will be described in the two subdivisions which follow.

## DENIAL OF THE PROPOSED AMENDMENT

The original complaint charged that Hotel was the operator of the motel where Mrs. Walsh sustained her injuries. The de-

1. The Superior Court's decision on the two motions here involved was announced to counsel in the form of a letter. Although the motions were briefed and argued, the rulings were unsupported by the Court's reasons or grounds therefor. The result is that neither counsel nor we have the benefit of the Court's reasoning in denying the motions; and we are obliged to indulge in the foregoing assumptions as to what was decided. We take the occasion to suggest the desirability of having the Court's reasons or grounds for a written decision, however brief they may be. See Canon of Judicial Ethics No. 19.

fendant moved to dismiss under Superior Court Rule 12 (b) (6) on the ground that the complaint failed to state a claim against defendant upon which relief could be granted. The basis for this application was contained in an attached affidavit of a corporate officer stating that the motel was not operated by the defendant, but by its wholly owned subsidiary, Charterhouse of Massachusetts, Inc., a Massachusetts corporation. To that affidavit was attached a copy of a lease of the premises wherein defendant was the lessee, and an assignment of that lease by the defendant to its subsidiary. The plaintiffs filed interrogatories seeking information concerning, inter alia, the relationship between the defendant and its subsidiary and concerning the actual operation of the motel. The defendant then moved for a protective order against these interrogatories. In support of their opposition to that protective order, plaintiffs filed the affidavit of Mr. Walsh. In it he alleged an inability to refute, on the basis of personal knowledge, the allegations of defendant's affidavit because the facts were solely within the knowledge and control of the two corporations and could be made available only by discovery. The Court below held that plaintiffs' complaint was not broad enough to authorize the discovery requested and granted defendant's application.

The plaintiffs then moved to amend their complaint so as to set forth an alternative theory, namely, that Charterhouse of Massachusetts, Inc. was nothing more than the alter ego and instrumentality of Hotel and has for present purposes, in contemplation of law, no separate existence. Defendant opposed this motion on the ground that plaintiffs have no knowledge or trustworthy information to support the allegations of the proposed amendment but have nothing more than a mere hope that they might possibly discover some facts to justify a recovery. The Court below refused to allow the amendment. Its reason for doing so does not appear in the record, but we assume that it adopted defendant's contention.

The Walsh affidavit recited that, at the time of the accident, the announcement board in the motel lobby prominently displayed the name "Hotel Corporation of America" and the name of its president, and made no mention of any other corporation or operator; that the motel stationery and postcards displayed the name and symbol of the defendant and no other corporation; and that defendant's listing in Moody's Bank of Financial Manual showed the motel to be operated by this defendant. These statements are not denied in the record. We think they furnished reasonable grounds to suggest that the defendant, as the sole stockholder of its subsidiary, may have disregarded the separate existence of that subsidiary; at least, they warrant further investigation by the plaintiffs, who have no way of ascertaining the facts save through discovery proceedings. Even in the absence of fraud, there are cases which permit a direct action against the parent company where it has itself completely ignored the separate identity of its wholly owned subsidiary. See Rumig v. Ripley Mfg. Corp., 366 Pa. 343, 77 A.2d 360; Equitable Trust Co. v. Gallagher, 34 Del.Ch. 76, 99 A.2d 490; 1 Fletcher Cyc.Corps.1963, § 41 etc. This is not the time, however, to decide the general proposition as to when a Delaware law court may disregard the corporate structure, or the particular question of whether it should do so in this case; such matters must await a full factual foundation, which presently remains undeveloped in this case. We do not suggest that plaintiffs' affidavit alone is sufficient to justify a finding of liability against Hotel; we hold only that it suffices to justify further investigation of the facts. Such discovery cannot be made until the complaint is amended because of the earlier ruling of the Court below, from which no appeal has been taken. We accordingly hold that the refusal to allow the amendment to the complaint was error and constituted an abuse of discretion.

## THE ATTACHMENT BOND

As previously indicated, this suit was instituted by foreign attachment, under which Hotel's stock in two Delaware corporations was seized. At that time, plaintiffs gave bond in the amount of $1000 containing the condition required by Superior Court Rule 4 (b) (2) that, if the plaintiffs fail to prosecute their suit with effect or if judgment be rendered for defendant, plaintiffs "will pay any and all costs which may be awarded to a defendant", together with "damages". Later upon defendant's application, the Court ordered the amount of the bond increased to $2500, apparently solely because of defendant's allegation that considerable work had been done by its counsel and further work would be required, wherefore its counsel fees would probably exceed the amount of the original bond. Plaintiffs complied with that order; later, however, they moved that the attachment bond be cancelled or reduced in amount upon the theory that defendant had entered a general appearance by filing its motion under Rule 12(b) (6) and that defendant's counsel fees are not recoverable as "costs" or "damages" under the terms of the bond. Defendant countered by moving that the amount of the bond be increased to $3500, denying that its Rule 12(b) motion constituted a general appearance *. The Court below denied both motions. Appellants have appealed from that ruling.

■ Concededly, the determination of the amount of bond required of a plaintiff in a foreign attachment case cannot be disturbed by us unless the lower Court has abused its discretion. Because there is no suggestion that any substantial loss has been or is likely to be sustained by defendant other than counsel fees, our consideration at this time is limited to the question of whether such fees are recoverable from an unsuccessful plaintiff in an action brought by foreign attachment when the plaintiff has sued the wrong defendant.

■ The problem here posed is the subject of an annotation in 65 A.L.R.2d 1426. The cases therein cited display wide disagreement, some Courts going so far as to allow fees for an actual trial on the merits resulting in a verdict for defendant. We cannot follow that reasoning. In Delaware, "ordinary Court costs are usually allowed to the prevailing party, but counsel fees as part of allowable costs are exceptions". Everitt v. Everitt, 37 Del.Ch. 512, 146 A.2d 388. Wisely, our Courts have been very cautious in approving exceptions to that general rule.

■ Obviously, an error in the identity of a party defendant does not concern the type of process used to commence an action; it is an error which could as readily occur in one brought by summons as by attachment; yet counsel fees would not be allowed as costs or damages when the case is commenced by summons. We see no reason to make a distinction on the basis of the form of process. We are of the opinion that counsel fees should be allowed, in the absence of abuse of process, only for a victorious attack upon the attachment itself, and not for the presentation of defenses not predicated upon defects in the process. Great American Ind. Co. v. Sweetwater Min. Co., 74 Nev. 219, 326 P.2d 1105, 65 A.L.R.2d 1422. In our opinion, nothing said in either Moffat Tunnel Imp. Dist. v. United States F. & G. Co., 7 W.W.Harr. 473, 185 A. 186, or Town of Seaford v. Eastern Shore Pub. Serv. Co., 2 Terry 438, 24 A.2d 436, was meant to imply any disagreement with the foregoing view; if there be any such implication therein, we decline to accept it. Moreover, we disagree with defendant's contention that the present motion is an attack upon the attachment itself; it is a defense which has no connection with the nature of the process.

* As to the requirement of a special appearance to raise certain defenses in foreign attachment cases, see Canaday v.

Superior Court, 10 Terry 456, 119 A.2d 347.

Based upon the information now in this record, we think the refusal by the Court below to permit a reduction in the amount of the bond was an abuse of its discretion; a substantially smaller figure would be adequate to cover any reasonably foreseeable loss. Upon remand, the Court should reconsider the matter in the light of the principles herein announced.

The rulings made below must be reversed and the record remanded for further action in accordance herewith.