Alvin J. MARRA and Albert T. Berry, Executors of the Estate of William H. Bang, Deceased, Plaintiffs,

v.

Con S. SHEA, Public Administrator of the City and County of San Francisco, State of California, Administrator of the Estate of Alma R. Bang, James S. Womack, Jr., Ruth F. Thompson, Robert Doyle Nelms, and James Robert Nelms, Defendants.

No. C–70 1358.

United States District Court, N. D. California.

Jan. 7, 1971.

Leonardo S. Bacci, San Francisco, Cal., for plaintiffs.

Sandra J. Shapiro, Bancroft, Avery & McAlister, San Francisco, Cal., for James R. Nelms and James Womack.

Jerome J. Cahill and Victor S. Barlogio, San Francisco, Cal., for Con S. Shea.

GERALD S. LEVIN, District Judge.

### Order Granting Defendants' Motions to Dismiss for Lack of Jurisdiction

This action was brought by the executors of William H. Bang's estate against Con S. Shea, as the public administrator of the Estate of Alma R. Bang,[1] and several named defendants: James Womack, Ruth Thompson, Robert Nelms, and James Nelms. Defendants Womack and James Nelms have moved for dismissal, alleging lack of personal jurisdiction and absence of diversity of citizenship.

### I. Facts

Plaintiffs allege that Alma R. Bang, by deceit and fraud and without the consent of her husband, transferred community property to her own name, and with the funds obtained from the sale of such property purchased two $5,000 savings bonds and had them registered in joint tenancy with her brother, James Womack. Con S. Shea, as administrator of the Estate of Alma R. Bang, is now in possession of these bonds in the State of California. In addition, plaintiffs allege that on another occasion Alma R. Bang, without the consent of her husband, placed either in the name of James Womack alone or jointly in her name and that of James Womack United States savings bonds of a value of $11,-000. Plaintiffs claim that such transfers to James Womack were without consideration.

Plaintiffs also allege that Alma R. Bang, with funds acquired in the same manner as discussed above, purchased

---

1. Alma R. Bang, the wife of William H. Bang, predeceased him. She died on April 1, 1967, and Con S. Shea, public administrator of the City and County of San Francisco, was appointed by the probate court on June 30, 1967.

additional savings bonds and had them registered in joint tenancy with her nephew, Robert Nelms. Plaintiffs further allege that Robert Nelms sold the bonds and placed the proceeds jointly in his name and that of James Nelms in a time certificate of deposit in a Tennessee bank. Plaintiffs similarly claim that this transfer of community property was without consideration.

Plaintiffs have brought this action pursuant to California Probate Code § 201.8 to recover one-half of such property, its value, or its proceeds.[2]

Defendants Womack and James Nelms, the moving parties, are not residents of the State of California.

## II. Discussion

■ Under the facts heretofore related, California law determines the extent of this court's personal jurisdiction over defendants Womack and James Nelms.[3] California Code of Civil Procedure § 410.10 provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."[4] The only limitation upon personal jurisdiction over Womack and James Nelms, therefore, is that imposed by standards of due process, which define the outer periphery of any court's in personam powers.

■ The general principle of due process governing the extent of a court's personal jurisdiction over non-resident defendants was articulated by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There the Court stated that a defendant must "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316, 66 S.Ct. at 158, quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In light of International Shoe, subsequent case law interpreting the minimum contacts doctrine, and previous traditional grounds,

2. California Probate Code § 201.8 provides:

> Whenever any married person dies domiciled in this State who has made a transfer to a person other than the surviving spouse, without receiving in exchange a consideration of substantial value, of property in which the surviving spouse had an expectancy * * * at the time of such transfer, the surviving spouse may require the transferee to restore to the decedent's estate one-half of such property, its value, or its proceeds, * * * All property restored to the decedent's estate hereunder shall go to the surviving spouse * * * as though such transfer had not been made.

3. Rule 4(e) of the Federal Rules of Civil Procedure provides:

> Whenever a statute or rule of court of the state in which the district court is held provides * * * for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state * * * service may * * * be made * * * in the manner prescribed in the statute or rule.

4. California Code of Civil Procedure § 410.10 became effective on July 1, 1970, and because of its recent enactment there are no reported California decisions interpreting it which can be relied upon for guidance. In fact, only one decision could be found even referring to § 410.10. Schoch v. Superior Court, 11 Cal.App.3d 1200, 90 Cal.Rptr. 365 (1970). Service of process in Schoch, however, was governed by the more restrictive predecessor to § 410.10, and the court specifically refrained from placing any interpretation upon the scope of § 410.10. Id. at 366n.1.

Nevertheless, courts in other jurisdictions, as well as the Supreme Court of the United States, have been confronted with cases involving due process limitations upon personal jurisdiction, and such limitations in regard to § 410.10 have been the subject of thorough commentary. See California Code of Civil Procedure § 410.10, Judicial Council Comments (Supp.1970); Symposium: California Jurisdiction, 21 Hastings L.J. 1105, 1163, 1219 (1970).

eleven bases for personal jurisdiction have developed:

(1) Presence,

(2) Domicile,

(3) Residence,

(4) Nationality or citizenship,

(5) Consent,

(6) Appearance in the action,

(7) Doing business in the state,

(8) Doing an act in the state giving rise to the cause of action being sued upon,

(9) Doing an act out of the state causing an effect in the state giving rise to the cause of action being sued upon,

(10) Owning, using, or possessing property in the state out of which the cause of action being sued upon arose, and

(11) Other relationships to the state making the exercise of personal jurisdiction reasonable.[5]

These bases will be applied to defendants James Nelms and James Womack in order to determine if they are personally subject to this court's jurisdiction.

## A. Personal Jurisdiction Over James Nelms

James Nelms is a citizen and resident of Tennessee. Plaintiffs do not allege that he has ever been in California or has had any contacts with California; they allege only that he is a co-tenant with Richard Nelms in a certificate of deposit in a Tennessee bank, which was purchased by Richard Nelms with funds obtained from selling savings bonds formerly held in joint tenancy with Alma R. Bang. The property is not located in California, James Nelms obtained his interest in the funds in Tennessee from Richard Nelms by virtue of the latter making him a co-tenant in the certificate of deposit. The only conceivable manner in which to relate James Nelms to California is by associating him with the certificate of deposit which Richard Nelms had purchased in Tennessee by selling savings bonds he had held in joint tenancy with Alma R. Bang, who allegedly purchased such bonds with funds acquired by the sale of property fraudulently obtained in derogation of her husband's community property rights.[6]

No cases were cited and none could be found involving factual situations even remotely resembling those in the case at bar.[7] Furthermore, none of

5. California Code of Civil Procedure § 410.10, Judicial Council Comments (Supp. 1970); *see* Restatement (Second) of Conflict of Laws § 27(1) (Proposed Draft 1967) [hereinafter referred to as Proposed Restatement]; Gorfinkel & Lavine, Long-Arm Jurisdiction in California Under New Section 410.10 of the Code of Civil Procedure, 21 Hastings L.J. 1163 (1970). Case law precedent for these eleven bases is discussed quite extensively in both the Judicial Council's comments and the Gorfinkel & Lavine article. *See also* Proposed Restatement §§ 27–39.

6. Plaintiffs argue that personal jurisdiction may be found because:

[I]t could be reasonably expected that the receipt of proceeds from the sale of property which had come from [Alma R. Bang] who had no independent estate of her own might cause injury in the state in which said property

was originally accumulated. It was conceivable that the husband of the woman giving away this property may well object, especially since the husband had never manifested his consent that the proceeds be given to defendant Nelms. Plaintiffs' Memorandum of Points and Authorities at 5 (Oct. 16, 1970).

Since the *instant motion does not concern* Richard Nelms, but only James Nelms, who was not even in privity with Alma R. Bang, the relationship between James Nelms and the alleged improper conduct of Alma R. Bang giving rise to the cause of action being sued upon is further attenuated than suggested by plaintiffs' argument.

7. The cases cited·by plaintiffs are clearly distinguishable. *See* McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hutchinson v. Boyd & Sons Press Sales, Inc., 188 F.Supp. 876 (D.Minn.1960); Gray

the bases for personal jurisdiction enumerated above would apply to the circumstances of James Nelms. He is neither present, domiciled, nor residing in California; nor is he a citizen of California. He has neither consented to jurisdiction nor has he appeared in the action; he is not doing business in the state. He has not committed an act in the state giving rise to this cause of action, and he owns no property in California. Nor has James Nelms committed an act outside of the state causing an effect in the state out of which this cause of action arose, since he is not alleged to have participated with Alma R. Bang in the wrongful appropriation of community property. His only "act" relevant to the instant cause of action is that he was a donee of an undivided one-half interest in a certificate of deposit in Tennessee. It was not this "act" which gave rise to a cause of action under California Probate Code § 201.8, but rather the acts of Alma R. Bang in allegedly misappropriating and transferring the community property. Finally, there are no other relationships between James Nelms and the State of California that would make the exercise of personal jurisdiction reasonable. Plaintiffs' argument that California is the most convenient forum from the point of view of witnesses, evidence, and several of the parties is not persuasive. A court "does not acquire [personal] jurisdiction by being the 'center of gravity' of the controversy, or the most convenient location for litigation." Hanson v. Denckla,

357 U.S. 235, 254, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). There must be such minimum contacts as to make jurisdiction consistent with "fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). No such contacts are present in regard to James Nelms.

### B. Personal Jurisdiction Over James Womack

Although James Womack is also a resident and citizen of Tennessee, he has had closer contacts with both the State of California and the cause of action than did James Nelms. Plaintiffs allege that Womack was in direct privity with Alma R. Bang, either as an immediate transferee of bonds purchased with funds obtained by fraudulent misappropriation of community property or as a joint tenant with Alma R. Bang in bonds purchased with similarly acquired funds.[8] Some of these bonds are physically located in California, in the possession of the administrator of Alma R. Bang's estate. The delivery of the bonds is alleged to have occurred in California, and Womack is stated to have "claimed" those bonds still located in the state. In the abstract, however, these factors are not determinative; it is still necessary to examine them in light of the "minimum contacts" doctrine in order to ascertain whether they create a sufficient relationship with the state such that

v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Ehlers v. United States Heating & Cooling Mfg. Corp., 267 Minn. 56, 124 N.W.2d 824 (1963); Metal-Matic, Inc. v. Eighth Judicial District Court, 82 Nev. 263, 415 P.2d 617 (1966). All these cases involved commercial transactions, in which plaintiff brought his cause of action against a foreign corporation. Gray, Ehlers, Hutchinson and Metal-Matic involved suits based upon negligent manufacturing or products liability against foreign manufacturers of products that caused injury to plaintiffs in

the forum states. McGee involved a cause of action arising out of a foreign insurance company's insurance policy with a resident of the forum state.

8. Plaintiffs claim two transactions involving James Womack. In the first, Alma R. Bang is alleged to have purchased two savings bonds and registered them jointly in her name and that of James Womack; in the second, plaintiffs allege that Alma R. Bang purchased savings bonds and registered them either jointly in her name and that of James Womack or in James Womack's name alone.

the exercise of personal jurisdiction satisfies due process.[9]

As in the case of James Nelms, no cases were cited and none could be found that involved circumstances similar to those at bar;[10] and again as in the case of James Nelms, none of the eleven bases for personal jurisdiction found in the Proposed Restatement and the Judicial Council's comments on California Code of Civil Procedure § 410.10, which are enumerated above, is applicable. Womack is not physically present in California. He is neither domiciled nor a resident in the state; nor is he a citizen of California. He has not manifested consent to jurisdiction, appeared in the action, or done business in the state. The other bases are equally unavailing to plaintiffs, but merit more extended discussion.

■ ■ Doing an act within a state giving rise to a cause of action, even if only a single, isolated act, is a frequently invoked basis for personal jurisdiction.

See, e. g., Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965) (Goldberg, J.); Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L. Ed. 1091 (1927). In the instant case, however, the wrong done to plaintiffs' decedent was the fraudulent misappropriation of community property by Alma R. Bang. Plaintiffs do not allege that Womack was involved in this wrongful taking; they allege only that Womack became a joint tenant with Alma R. Bang in certain savings bonds and that he was a transferee from Alma R. Bang of certain other bonds.[11] California Probate Code § 201.8[12] does create a cause of action in a surviving spouse[13] against a transferee of misappropriated community property, but the cause of action arises out of the improper transfer, which in the instant case is alleged to have been effectuated by Alma R. Bang, not James Womack. Without an allegation amounting to a conspiracy or joint participation by Womack with Alma R. Bang, Womack's "act" of receiving

---

9. Based upon Womack's activities, plaintiffs argue that personal jurisdiction can be found as follows:

> The acts and omissions of [Womack] in not paying consideration for the bonds and in claiming and accepting the bonds as gifts without the consent and knowledge of William H. Bang are sufficient to give [a] Court sitting in California jurisdiction.
>
> * * * It is the conduct of Alma Bang in California, together with the conduct of James S. Womack, Jr., in Tennessee which gives rise to a cause of action in California. The conduct of Alma R. Bang does not alone give rise to the cause of action.
>
> However, if one considers that all the tortious conduct was performed in California, defendant then performed certain acts within this State by accepting and claiming the bonds without paying consideration and without the notifying and obtaining of the consent of William H. Bang. Plaintiffs' Memorandum of Points and Authorities at 3–4 (Sept. 23, 1970).

10. Plaintiffs cite two cases in arguing that this court has personal jurisdiction over

Womack. See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). These cases are clearly distinguishable. *Hess* merely upheld the constitutionality of long-arm statutes giving personal jurisdiction over out-of-state motorists who are involved in automobile accidents in the forum state. *Hanson* found insufficient minimum contacts to sustain personal jurisdiction over an out-of-state resident because the cause of action did not arise "out of an act done or transaction consummated in the forum State." 357 U.S. at 251, 78 S.Ct. at 1238. None of the Court's discussion in either *Hess* or *Hanson* is germane to the instant case.

11. See note 8 *supra*.

12. See note 2 *supra*.

13. A cause of action for violation of community property rights survives the death of the owner of such rights. Thus, upon the owner's death, the cause of action may be exercised by his or her personal representative. See e. g., Harris v. Harris, 57 Cal.2d 367, 19 Cal.Rptr. 793, 369 P.2d 481 (1962).

the bonds did not give rise to the cause of action. Consequently, Womack did not commit an act in the State of California giving rise to this cause of action, and personal jurisdiction cannot be predicated upon this basis.

 Doing an act out of the state which causes an effect in the forum state out of which the cause of action arises may also be a basis for personal jurisdiction. *See, e. g.,* Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Metal-Matic, Inc. v. Eighth Judicial District Court, 82 Nev. 263, 415 P.2d 617 (1966); Gorfinkel & Lavine, Long-Arm Jurisdiction in California Under New Section 410.10 of the Code of Civil Procedure, 21 Hastings L.J. 1163, 1184–1201 (1970); Currie, The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois, 1963 U.Ill.L.Forum 533, 544–60; *cf.* Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965) (Goldberg, J.); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).[14] Typically, however, these cases involve situations in which foreign corporations are liable for negligently manufacturing a product out of the state which causes injuries within the forum state.

Furthermore, they almost invariably involve business transactions or commercial products. In the present case, there are no significant similarities to those cases finding personal jurisdiction upon this basis. Since the acts committed by Womack outside of California at best amounted to possession of certain savings bonds and a claim of possession to other bonds located in the state and since neither of these acts gave rise to this cause of action, personal jurisdiction over Womack cannot be exercised on this basis.

 In some circumstances, the fact that a person uses, owns, or has possession of chattels within the forum state may be a factor in finding personal jurisdiction. *Cf.* American Optical Co. v. Philadelphia Electric Co., 228 F. Supp. 293, 296 (E.D.Pa.1964); Rumig v. Ripley Mfg. Corp., 366 Pa. 343, 77 A. 2d 360 (1951). Mere ownership of a chattel within the state, however, is insufficient.[15] Clearly, if it were a sufficient basis for personal jurisdiction every in rem or quasi in rem action could be transposed into an in personam action. In addition to ownership, possession, or use of a chattel within the forum state at least two other factors must be present: the chattel must give rise to the cause of action, and defendant must be responsible for the chattel's presence

14. It may be that this basis for personal jurisdiction is more limited than at first would appear. In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court stated that in regard to personal jurisdiction over nonresident defendants, there must "be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 253, 78 S.Ct. at 1240. This statement has been interpreted to mean "that the defendant must have taken voluntary action calculated to have an effect in the forum state." Currie, The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois, 1963 U.Ill.L. Forum 533, 549, quoted with approval in Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 4, 15 L.Ed.2d 39 (1965) (Goldberg, J.). In *Hanson,* which involved individual defendants, plaintiffs failed to show that this test had been met. Those cases in which this test has been met generally have involved products manufactured for distribution and sale, often on a national basis, and therefore satisfaction of the "purposefully avails itself" test is more readily inferred. In sum, it would appear that this basis for personal jurisdiction is more applicable to corporate or commercial business defendants than to individual persons.

15. *See* California Code of Civil Procedure § 410.10, Judicial Council's Comments.

in the state.[16] One of these elements is definitely not found in the instant case; neither the bonds allegedly in the possession of Womack in Tennessee nor those in the possession of the administrator of Alma R. Bang's estate, which allegedly have been claimed by Womack, gave rise to the instant cause of action. The bonds are indeed the subject matter of this controversy, but they did not give rise to it; rather, the cause of action arose from the activities of Alma R. Bang. The situation here is quite unlike, for example, that involving dangerous mechanical equipment, which causes an injury and thus gives rise to a cause of action. The injury here was not caused by the bonds, but by their transfer in derogation of community property rights. It is also arguable that Womack is not responsible for the presence of the bonds in California. In sum, personal jurisdiction over Womack cannot be based upon the presence of the two savings bonds in the State of California.

Finally, for the same reasons discussed in relation to James Nelms, there are no "other relationships" between James Womack and the State of California that would make the exercise of personal jurisdiction reasonable and proper.

### III. *Conclusion*

The motions of James Nelms and James Womack, made pursuant to Rule 12(b) (2) of the Federal Rules of Civil Procedure, to dismiss for lack of personal jurisdiction are granted. Because of the court's disposition of the motions to dismiss for lack of personal jurisdiction, it is unnecessary to consider these defendants' motions to dismiss for lack of diversity of citizenship.

---

16. *Id.* The Council's Comments, quoting from the *Proposed* Restatement § 38, Comment c, note that this basis for personal jurisdiction usually involves "a chattel which is of a sort dangerous to life or to tangible things." If, however, "the chattel is not of a kind dangerous to life or property, the state must have a closer relationship * * * to exercise judicial jurisdiction over the defendant. * * *" Thus, even if the chattel gives rise to the cause of action and defendant is responsible for its presence in the state, when the chattel is *not dangerous personal jurisdiction* still may not lie.