# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| KEITH A. WILANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N17C-10-365 CEB |
| | ) | |
| BNSF RAILWAY COMPANY, f/k/a | ) | |
| BURLINGTON NORTHERN AND | ) | |
| SANTA FE RAILWAY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 10, 2020
Decided: September 11, 2020

## MEMORANDUM OPINION

*On Defendant's Motion for Costs.*
**GRANTED.**

A. Dale Bowers, II, Esquire, LAW OFFICE OF A. DALE BOWERS, Wilmington, Delaware. Shawn A. Ricci, Esquire and Luke T. Pepper, Esquire, BERN CAPPELLI, LLC, Conshohocken, Pennsylvania. Attorneys for Plaintiff.

Maria R. Granaudo Gesty, Esquire, BURNS WHITE, LLC, Wilmington, Delaware. S. Camille Reifers, Esquire, BOYLE BRASHER, LLC, Memphis, Tennessee. Attorneys for Defendant.

**BUTLER, J.**

The Court previously granted summary judgment to the Defendant, a necessary conclusion after deciding that Plaintiff's expert must be excluded for failure to meet the *Daubert* standard for expert testimony. Thereafter, the Court denied in part and granted in part Plaintiff's motion for reargument. But the conclusion that the case must be dismissed did not change.

In this motion, Defendant seeks costs from the Plaintiff. D.R. Civ. Proc. Rule 54 states that "costs shall be allowed as of course to the prevailing party." Defendant is the prevailing party and has submitted its bill of costs totaling $3013.74.[1]

In response, Plaintiff directs the Court to cases in which the Court has denied the award of costs to the prevailing party. Perhaps the most thoughtful of these is *Donovan v. Delaware Water and Air Resources Commission*[2] in which the Supreme Court was interpreting a statute with similar cost shifting language:

> The statute says that the party given a final judgment 'generally' shall be awarded costs of suit. Does this mean in every case? We think not. 'Generally' means 'for the most part,' The Concise Oxford Dictionary (5 Ed.), or 'usually.' Thus, in *Walsh v. Hotel Corporation of America,* Del.Supr., 231 A.2d 458 (1967), Chief Justice Wolcott said that costs are 'usually' allowed to the prevailing party. Therefore, when the statute says that costs are 'generally' given, this means something less than 'always.'

---

[1] This number reflects the adjusted number for bill of costs. Defendant initially submitted a bill of costs totaling $3435.74, but amended costs to $3013.74 to reflect a $422.00 reduction for lack of an itemized invoice for a charge. Defendant's Motion for Costs, D.I. 113 Amended Ex. C.

[2] 358 A.2d 717 (Del. 1976).

1

It follows, then, that there may be circumstances under which costs do not go to the party to whom a final judgment is awarded.

Determining when costs are awarded and when they are not is, in our judgment, a matter of judicial discretion under the statute. That conclusion is consistent with Superior Court Civil Rule 54(d), which provides that '. . . costs shall be allowed as of course to the prevailing party unless the Court otherwise directs,' and provides a measure of uniformity with 10 *Del.C.* § 5106 governing costs in the Court of Chancery.[3]

There are cases in which a jury has returned a defense verdict and the defendant follows its triumph with a request for costs against the losing plaintiff, leaving the Court to determine how to apply its discretion in awarding costs.[4] These cases often deny costs and quote Judge Quillen's line that "sometimes it is important to win with grace."[5]

---

[3] *Id.* at 722-23.

[4] *See, e.g., Arroyo v. Allstate Insurance Group*, 2017 WL 2930925, at *2 (Del. Super. Jul. 6, 2017) (prevailing defendants not entitled to costs after jury returns a verdict in their favor when costs include statements from a related matter consolidated into the case because the costs were justly characterized as inflicted by its own hand); *Sammons v. Kang*, 2013 WL 4492779, at *2 (Del. Super. Aug. 2, 2013) (prevailing defendants not entitled to costs after jury returns a verdict in their favor when defense cites cost for expert witness testimony that recited the historical facts of Plaintiff's treatment because the testimony stopped short of offering any expert opinion testimony).

[5] *Moore v. Garcia*, 1995 WL 945553, at *1 (Del. Super. Jul. 10, 1995); *See also Arroyo*, 2017 WL 2930925, at *2; *Kang*, 2013 WL 4492779, at *2; *Nelson v. Feldman*, 2011 WL 531946, at *2 (Del. Super. Jan. 26, 2011). Judge Quillen liked the line so much he quoted himself in *Mosley v. Milner*, 1999 WL 463550 (Del. Super. Apr. 8, 1999).

BNSF has undeniably "won" the litigation. Does its motion for costs lack "grace?" Perhaps. Perhaps not. That is a problem with using "grace" as a legal standard.

Through this litigation the Court heard that the Plaintiff only learned that his bladder cancer may be linked to his work on a railroad when he saw an ad on television inviting cancer victims who had previously worked for the railroads to contact counsel for a potential lawsuit. The parties cited the Court to numerous cases nationwide in which plaintiffs are pressing the connection between railroads, diesel exhaust and various cancers in railroad workers. Obviously, should such liability ultimately be determined, the potential verdicts would be quite large. But it is as true in big case litigation as it is in baseball: "You have to hit the fastball to play in the big leagues."[6]

In sum, these facts do not demonstrate exactly where "grace" lies. Plaintiff understood from the filing that one of the possible results was an adverse ruling in a Delaware Court and an Order of costs against him. While Plaintiff has cited cases to the Court in which costs were not awarded, those decisions did not result from an adverse *Daubert* ruling against the plaintiff. The Court is not satisfied that this is a

---

[6] Bob Venderberg, *Sox: From Lane and Fain to Zisk and Fisk* (2d ed. 1984) (quoting Ted Williams).

case that warrants an exception to the general rule that the prevailing party shall be awarded its costs as a matter of course.

Costs of $3013.74 are awarded to the Defendant.

**IT IS SO ORDERED.**

Judge Charles E. Butler